In the Matter of MARK LEW, Appellant, v GAIL SOBEL, Respondent. [849 NYS2d 586]—

In a child custody proceeding pursuant to Domestic Relations

Law article 5, the father appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated April 28, 2006, as, after a hearing, denied those branches of his petition which were for a change of custody of the parties' two children from the mother to him, or alternatively, to suspend his child support obligation and to reapportion the parties' respective obligations to pay the fees of the therapeutic visitation facilitators, the Law Guardian, and the forensic evaluator retained for the benefit of the children, (2) from an order of the same court also dated April 28, 2006, which, after a hearing, appointed a parenting coordinator to assist the parties in implementing the terms of the first order dated April 28, 2006, and (3) from an order of the same court dated May 31, 2006, which, inter alia, denied his application to impose a sanction upon the mother and for an award of an attorney's fee.

Ordered that on the Court's own motion, the notices of appeal from the second order dated April 28, 2006 and the order dated May 31, 2006, are deemed to be applications for leave to appeal, and leave to appeal is granted; and it is further,

Ordered that the first order dated April 28, 2006 is modified, on the law and the facts, (1) by deleting the provision thereof denying that branch of the petition which was to suspend the father's child support obligation, and substituting therefor a provision granting that branch of the petition to the extent of directing the father to pay 50% of his child support obligation to the mother, and to pay the remaining 50% of his child support obligation to the mother's attorney to hold in an escrow account, pending the mother's certification, to the satisfaction of the Supreme Court, of her compliance with the visitation provisions of the first order dated April 28, 2006, and (2) by deleting the provision thereof denying that branch of the petition which was to reapportion the parties' respective obligations to pay the fees of the therapeutic visitation facilitators, the Law Guardian, and the forensic evaluator and substituting therefor a provision directing the mother to pay 75% of such fees and the father to pay 25% of such fees; as so modified, the first order dated April 28, 2006 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated April 28, 2006 and the order dated May 31, 2006, are affirmed, without costs or disbursements.

A change of custody should be made only if the totality of the circumstances warrants a change that is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982];

*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]; *Matter of Salvati v Salvati,* 221 AD2d 541, 542 [1995]). As the hearing court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Magwood v Martinez,* 35 AD3d 743 [2006]). While one parent's alienation of a child from the other parent is an act inconsistent with the best interests of the child (*see Zafran v Zafran,* 28 AD3d 753, 755 [2006]), here, the children's bond to the alienating parent is so strong that a change of custody would be harmful to the children without extraordinary efforts by both parents and extensive therapeutic, psychological intervention. There is thus no basis to disturb the Supreme Court's determination, made after a hearing and in camera interviews with the subject children, that a change of custody would not be in the children's best interests (*see Kaplan v Kaplan,* 21 AD3d 993, 995 [2005]; *Matter of Taylor v Lumba,* 309 AD2d 941, 942 [2003]).

However, a custodial parent's deliberate frustration of, or active interference with, the noncustodial parent's visitation rights can warrant the suspension of future child support payments (*see* Domestic Relations Law § 241; *Ledgin v Ledgin,* 36 AD3d 669 [2007]; *Hiross v Hiross,* 224 AD2d 662, 663 [1996]). In view of the evidence presented at the hearing and the Supreme Court's determination that the mother deliberately had interfered with the father's visitation rights, we direct the father to pay 50% of his child support obligation to the mother's attorney, to be held in an escrow account until the mother can certify, to the satisfaction of the Supreme Court, her compliance with the visitation provisions of the first order dated April 28, 2006, and the absence of her interference with the father's visitation rights (*see Matter of Welsh v Lawler,* 144 AD2d 226, 228 [1988]). When the mother can establish to the satisfaction of the court that she is not interfering with the father's visitation with the children, there will then be a basis to direct the mother's attorney to release, to the mother, the child support payments held in escrow (*see Matter of Orange County Dept. of Social Servs. v Meehan,* 252 AD2d 588, 590 [1998]).

Further, under the circumstances of this case, the Supreme Court should have reapportioned the parties' responsibility for the fees of the therapeutic visitation facilitators, the Law Guardian, and the forensic evaluator employed during the course of the proceeding so that the mother is responsible for 75% of such fees and the father is responsible for 25% of such fees (*cf. Matter of Bungay v Morin,* 256 AD2d 462 [1998]).

The Supreme Court's denial of the father's application for the imposition of a sanction and for an award of an attorney's fee was not an improvident exercise of discretion (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Brooks v Haidt*, 30 AD3d 365 [2006]).

The father's remaining contentions are without merit. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.