■ STANLEY MOORE et al., Respondents, v MICHAEL PETER DAVIDSON et al., Appellants. [869 NYS2d 612]—

"In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]). In this case, the finding of civil contempt was not based upon a clear and unequivocal order since the underlying judgment failed to establish the boundary line of the plaintiffs' property and thus the permissible location of the defendants' gate which encroached upon the plaintiffs' land (*see Gerelli Ins. Agency, Inc. v Gerelli*, 23 AD3d 341, 342 [2005]; *Town of Virgil v Ford*, 184 AD2d 901, 902 [1992]; *Matter of Spinnenweber v New York State Dept. of Envtl. Conservation*, 160 AD2d 1138 [1990]). Additionally, absent certain exceptions, not applicable here, civil contempt is not appropriate for the enforcement of monetary judgments which can be secured under the provisions of article 52 of the CPLR (*see* CPLR 5104; Judiciary Law § 753 [A] [3]). Since the finding of civil contempt was not appropriate, the plaintiffs were not entitled to all reasonable attorney's fees flowing from the defendants' contemptuous conduct (*see Matter of Romanello v Davis*, 49 AD3d 652 [2008]; *Kiperman v Steinberg*, 234 AD2d 518 [1996]).

The defendants' remaining contentions are either without merit or not properly before this Court. Spolzino, J.P., Florio, Carni and Leventhal, JJ., concur.