■ Pamela C. Frawley, Formerly Known as Pamela C. Salvatore, Appellant, v Gerard P. Salvatore, Respondent. [874 NYS2d 488]—

In a matrimonial action in which the parties were divorced by judgment entered August 16, 2001, the mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated January 3, 2008, as denied, without a hearing, that branch of her motion which was to modify the parties' custody arrangement from joint custody with residential custody with the father to joint custody with residential custody with her.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and a new determination on that branch of the mother's motion which was to modify the parties' custody arrangement from joint custody with residential custody with the father to joint custody with residential custody with the mother.

The parties' judgment of divorce provided that, pursuant to the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, the parties would have joint custody of their two daughters (hereinafter the subject children) with the father having residential custody. The mother moved, inter alia, to modify the parties' custody arrangement to provide residential custody with her. The Supreme

Court, inter alia, denied that branch of her motion without conducting a hearing. We reverse, and remit to the Supreme Court for a hearing and a new determination on that branch of the mother's motion.

The mother met her prima facie burden of alleging a sufficient change of circumstances in the period of more than six years since the stipulation was executed, which would justify a hearing on the question of whether modification of the custody agreement is in the best interests of the subject children (*see Matter of Conforti v Conforti,* 46 AD3d 877 [2007]). During that period, the father remarried, withdrew the subject children from school for home schooling with his new wife, separated from the new wife, and was engaged in a contentious divorce proceeding with her. Further, the subject children are now both teenagers and allegedly need additional time and counsel with their mother.

Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a hearing and new determination on that branch of the mother's motion which was to modify the parties' custody arrangement (*see Matter of Lew v Sobel,* 46 AD3d 893, 894 [2007]; *DiVittorio v DiVittorio,* 36 AD3d 848 [2007]). We express no opinion as to whether modification is in fact warranted or as to what the new determination should be. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.