■ SMITH-CAIRNS MOTOR SALES CO., INC., Appellant, v 10 PAXTON PARTNERS, LLP, Respondent, et al., Defendants. [898 NYS2d 890]—

In an action, inter alia, for a judgment declaring that the plaintiff is not in violation of the terms of a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 3, 2009, as granted those branches of the motion of the defendant 10 Paxton Partners, LLP, which were to require it to post a bond to secure payment of future invoices relating to the remediation of certain petroleum and/or environmental contamination of the subject premises and, in effect, for an award of an attorney's fee in connection with expenses it incurred in making the motion, and directed that it immediately post a bond in the amount of $250,000.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof fixing the bond in the amount of $250,000, and (2) by deleting the provision thereof, in effect, granting that branch of the motion of the defendant 10 Paxton Partners, LLP, which was for an award of an attorney's fee; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the issue of the ap-

propriate amount of the bond, and a new determination on that issue thereafter.

The defendant 10 Paxton Partners, LLP (hereinafter 10 Paxton), moved, inter alia, to hold the plaintiff in civil contempt of certain prior court orders, to direct the plaintiff to post a bond in the amount of $100,000 to secure payment of future invoices relating to the remediation of certain petroleum and/or environmental contamination of certain leased premises, and for an award of an attorney's fee in connection with expenses it incurred in making the motion.

The Supreme Court did not make any finding of civil contempt, and expressly declined to impose any sanction and/or fine against the plaintiff. However, as relevant to this appeal, the Supreme Court directed the plaintiff immediately to post a bond in the amount of $250,000 to "assure the remediation efforts" at issue. The Supreme Court did not explain its reasoning regarding the requirement of a bond, or the amount in which it should be fixed.

While a court may direct the posting of a bond under certain circumstances (see e.g. State of New York v Barone, 74 NY2d 332 [1989]), under the facts of this case, we deem it appropriate to remit the matter to the Supreme Court, Westchester County, for a hearing on the issue of the appropriate amount of the bond, so that the amount of the bond accurately reflects the anticipated costs associated with the remediation.

The Supreme Court improperly, in effect, granted that branch of the motion of 10 Paxton which was for an award of an attorney's fee (see Miller v Miller, 61 AD3d 651, 652 [2009]; Moore v Davidson, 57 AD3d 862, 863 [2008]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.