648

■ In the Matter of MARK LEW, Respondent, v GAIL SOBEL, Appellant. [936 NYS2d 554]—

A custodial parent's deliberate frustration of, or active interference with, the noncustodial parent's visitation rights can warrant the suspension of future child support payments (*see* Domestic Relations Law § 241; *Ledgin v Ledgin,* 36 AD3d 669 [2007]; *Hiross v Hiross,* 224 AD2d 662, 663 [1996]). Pursuant to a prior order of this Court (*see Matter of Lew v Sobel,* 46 AD3d 893 [2007]), the father paid one half of his child support obligation to the mother and one half to the mother's attorney, to be held in an escrow account until the mother could certify, to the satisfaction of the Supreme Court, her compliance with the visitation provisions of an order of the Supreme Court, dated April 28, 2006, and the absence of her interference with the father's visitation rights. In February 2010 the father moved, inter alia, for leave to pay, to the mother's attorney for deposit into the escrow account, the one half of his child support obligation which he had been paying directly to the mother. In light of the father's showing to the Supreme Court that the mother continued to deliberately interfere with his visitation rights, the Supreme Court providently exercised its discretion in granting that branch of the father's motion (*see* Domestic Relations Law § 241).

The mother's remaining contention is without merit. Mastro, A.P.J., Balkin, Chambers and Roman, JJ., concur.