■ In the Matter of MARK LEW, Appellant-Respondent, v GAIL SOBEL et al., Nonparty Respondents-Appellants. [992 NYS2d 574]—

In a child custody proceeding pursuant to Domestic Relations Law article 5, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Zimmerman, J.), dated August 24, 2012, as, after a hearing, inter alia, denied that branch of his motion which was to terminate his child support obligation and, in effect, granted the application of the attorney for the subject children for the disbursement of certain monies from an escrow account for the payment of an attorney's fee, and the subject children cross-appeal, as limited by their brief, from so much of the same order as authorized the trustee of the escrow account to pay only certain of the subject children's expenses from that account.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof directing the disbursement of $10,612.50 from the escrow account for fees due to the attorney for the children, and substituting therefor a provision directing the mother to pay 75% of such fees and the father to pay 25% of such fees; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Matter of Barlow v Barlow*, 112 AD3d 817, 818 [2013]; *see Matter of Gansky v Gansky*, 103 AD3d 894, 895 [2013]; *Schulman v Schulman*, 101 AD3d 1098, 1099 [2012]; *Matter of Glen L.S. v Deborah A.S.*, 89 AD3d 856, 857 [2011]). Contrary to the father's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of his motion which was to terminate his child support obligation.

The Supreme Court properly authorized the trustee maintaining the escrow account, into which the father was to pay his child support payments (*see Matter of Lew v Sobel*, 91 AD3d 648 [2012]), only to pay certain of the subject children's medical and educational expenses out of the account.

The Supreme Court erred in directing the disbursement of $10,612.50 from the escrow account for payment of fees due to the attorney for the children. By prior order of this Court (*see Matter of Lew v Sobel*, 46 AD3d 893 [2007]), the father was to pay 25% of the fees for the attorney for the children, and the mother was to pay 75%. Accordingly, the Supreme Court should have directed the father and the mother to pay the amount due to the attorney for the children in accordance with this provision, rather than directing that the payment be made out of the escrow account.

The parties' remaining contentions are without merit. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.

---

Motion by the appellant-respondent on an appeal and cross appeal from an order of the Supreme Court, Nassau County, dated August 24, 2012, inter alia, to strike stated portions of the respondent's appendix on the ground that they contain matter dehors the record. By decision and order on motion of this Court dated March 5, 2014, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.