■ AGUNLOYE DEVELOPMENT CORPORATION, Appellant-Respondent, v BUCKINGHAM OWNERS, INC., Respondent. TALL BRIDGE

CAPITAL PARTNERS et al., Nonparty Respondents-Appellants. [18 NYS3d 346]—In an action for a declaratory judgment and injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered January 7, 2013, as denied its motion to hold the defendant and nonparties Tall Bridge Capital Partners and Tall Bridge Capital Funds in civil contempt for their alleged failure to comply with an order of the same court dated December 21, 2009, and those nonparties cross-appeal from so much of the same order as denied that branch of their cross motion which was to impose sanctions against the plaintiff.

Ordered that the order entered January 7, 2013, is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant payable by the plaintiff and nonparties Tall Bridge Capital Partners and Tall Bridge Capital Funds.

A party may be held in civil contempt when he or she has failed to obey a "lawful judicial order expressing an unequivocal mandate" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994]). Here, the proof submitted was not sufficient to establish that the defendant and the nonparties were guilty of civil contempt in failing to obey the *Yellowstone* injunction (*see First Natl. Stores v Yellowstone Shopping Ctr.*, 21 NY2d 630 [1968]) contained in a prior order dated December 21, 2009.

The Supreme Court also providently exercised its discretion in declining to impose sanctions against the plaintiff for allegedly frivolous conduct (*see Harris v Hallberg*, 36 AD3d 857 [2007]).

In light of our determination, we need not address the parties' remaining contentions. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.