■ CANTALUPO CONSTRUCTION CORP., Appellant, v 2319 RICHMOND TERRACE CORP., Defendant/Counterclaim Plaintiff-Respondent, et al., Defendants. CLAUDIO PERFETTO, Counterclaim Defendant-Appellant. [34 NYS3d 616]—

In an action for specific performance of a contract, which was consolidated with a summary proceeding, inter alia, to recover possession of real property based on the nonpayment of rent, the plaintiff and the counterclaim defendant appeal from an order of the Supreme Court, Richmond County (Dollard, J.), dated February 4, 2015, which, after a hearing, granted the motion of the defendant/counterclaim plaintiff, 2319 Richmond Terrace Corp., to hold them in civil contempt to the extent of holding the plaintiff in contempt and, sua sponte, directed that the counterclaim defendant be personally liable for so much of a judgment of the same court dated March 26, 2014, as awarded 2319 Richmond Terrace Corp. the principal sum of $1,375,000.

Ordered that on the Court's own motion, the notice of appeal from the order dated February 4, 2015, is deemed to be an application for leave to appeal from so much of the order as, sua sponte, directed that the counterclaim defendant be personally liable for so much of the judgment dated March 26, 2014, as awarded 2319 Richmond Terrace Corp. the principal sum of $1,375,000, and leave to appeal is granted (*see* CPLR 5701 [c]), without costs or disbursements; and it is further,

Ordered that the order dated February 4, 2015, is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a determination of those branches of the motion of 2319 Richmond Terrace Corp. which remain pending and undecided.

On October 31, 2002, the plaintiff entered into an agreement with the defendant 2319 Richmond Terrace Corp. (hereinafter the Owner) to lease certain real property from the Owner. The lease was accompanied by an option contract giving the plaintiff an option to purchase the subject property for the sum of $1,400,000 for a stated period. In November 2010, the Owner commenced a summary proceeding in the Civil Court, Richmond County, inter alia, to recover unpaid rent and use and occupancy charges. In February 2011, the plaintiff commenced this action for specific performance of its option to purchase

the subject property. On August 30, 2012, the Owner filed a summons and amended answer with counterclaims against, among others, Claudio Perfetto, the principal of the plaintiff. On a prior appeal, this Court granted the plaintiff's motion to remove the summary nonpayment proceeding to the Supreme Court, Richmond County, and to consolidate that proceeding with this action (see Cantalupo Constr. Corp. v 2319 Richmond Terrace Corp., 96 AD3d 706 [2012]). In a judgment dated March 26, 2014, upon a decision dated February 20, 2014, made after a nonjury trial, the Supreme Court dismissed the complaint and awarded the Owner the principal sum of $1,375,000 on its claims for past unpaid rent and use and occupancy charges against the plaintiff (see Cantalupo Constr. Corp. v 2319 Richmond Terrace Corp., 141 AD3d 623 [2016] [decided herewith]).

Prior to the entry of the judgment, the Owner moved by order to show cause dated December 2, 2013, to enjoin the plaintiff from leasing the subject property to third parties and to direct the plaintiff to disclose the identities of third parties occupying the property. In an order dated December 30, 2013, the Supreme Court granted the Owner's motion, and directed the plaintiff to pay rent to the Owner in the sum of $9,000 per month, starting on February 1, 2014. In April 2014, the Owner moved, inter alia, to hold the plaintiff and Perfetto in contempt for violating the order dated December 30, 2013, by failing to pay rent of $9,000 per month starting on February 1, 2014, and failing to disclose the identities of third parties occupying the property. After a hearing, in the order appealed from, the court granted the Owner's motion to hold the plaintiff and Perfetto in contempt to the extent of holding the plaintiff in contempt. We note that the court mischaracterized the motion as seeking a finding of contempt based on the "fail[ure] [of the plaintiff] to comply with the Decision and Order . . . dated February 20, 2014."

To the extent the Supreme Court granted the Owner's motion to hold the plaintiff in contempt based on the plaintiff's failure to pay the amount awarded to the Owner in the judgment dated March 26, 2014, the court's determination was improper. Absent certain exceptions not applicable here, civil contempt is not appropriate for the enforcement of a monetary judgment, which can be secured under the provisions of article 52 of the CPLR (see CPLR 5104; Moore v Davidson, 57 AD3d 862 [2008]; 4504 New Utrecht Ave. Corp. v Pita Parlor, 143 AD2d 171 [1988]). Further, it was improper for the court to, sua sponte, direct that Perfetto be personally liable for the

amount awarded to the Owner in the judgment dated March 26, 2014. Since "a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment," the court could not amend the prior judgment in favor of the Owner and against the plaintiff (*Adams v Fellingham*, 52 AD3d 443, 444 [2008]; *see Menardy v Gladstone Props., Inc.*, 100 AD3d 840 [2012]).

However, the Supreme Court did not decide those branches of the Owner's motion which sought to hold the plaintiff and Perfetto each in contempt for violating the order dated December 30, 2013, and mischaracterized those branches of the motion as seeking to hold the plaintiff in contempt for "fail-[ing] to comply with the Decision and Order . . . dated February 20, 2014." Moreover, although the court found the plaintiff in contempt for failing to comply with the decision dated February 20, 2014, it did not expressly decide that branch of the motion which sought to find Perfetto in contempt. Accordingly, we remit the matter to the Supreme Court, Richmond County, for a determination of those branches of the Owner's motion which remain pending and undecided (*see Matteawan On Main, Inc. v City of Beacon*, 84 AD3d 1183, 1185 [2011]). Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.