In an action, inter alia, to recover damages for conversion and breach of fiduciary duty, (1) the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), dated December 23, 2015, which denied their cross motion pursuant to 22 NYCRR 130-1.1 for an award of costs and counsel fees against the plaintiff and directed a hearing on the plaintiff’s motion to hold their attorney, nonparty Wei Ji, in civil contempt of court for her failure to pay counsel fees awarded to the plaintiff in an order of the same court dated August 12, 2014, and (2) nonparty Wei Ji appeals from an order of the same court dated April 25, 2016, which, after a hearing, in effect, granted the plaintiff’s motion to hold her in civil contempt and directed her to pay counsel fees in the amount of $2,000 as a result of her contempt.
 

 Ordered that the appeal from so much of the order dated December 23, 2015, as directing a hearing on the plaintiff’s motion to hold the defendants’ attorney in civil contempt is dismissed, without costs or disbursements, as no appeal lies as of right from an order which directs a hearing to aid in the disposition of a motion (see Serraro v Staropoli, 94 AD3d 1083, 1084 [2012]), and we decline to grant leave to appeal; and it is further,
 

 Ordered that the order dated December 23, 2015, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
 

 Ordered that the order dated April 25, 2016, is reversed, on the law, without costs or disbursements, and the plaintiffs motion to hold the defendants’ attorney in civil contempt is denied.
 

 The Supreme Court erred in granting, after a hearing, the plaintiff’s motion to hold the defendants’ attorney in civil contempt based upon her failure to pay counsel fees awarded to the plaintiff in an order dated August 12, 2014. Judiciary Law § 753 (A) (3) permits a court to punish a party for civil contempt “for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution can not be awarded for the collection of such sum.” This is not a case where, by law, execution cannot be awarded. Therefore, the remedy of contempt is unavailable (see 4504 New Utrecht Ave. Corp. v Pita Parlor, 143 AD2d 171 [1988]; see also Cantalupo Constr. Corp. v 2319 Richmond Terrace Corp., 141 AD3d 626, 627-628 [2016]; Moore v Davidson, 57 AD3d 862 [2008]).
 

 However, the Supreme Court providently exercised its discretion in denying the defendants’ cross motion for an award of costs and counsel fees against the plaintiff, as the defendants failed to establish that the plaintiff engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (see Agunloye Dev. Corp. v Buckingham Owners, Inc., 132 AD3d 927, 928 [2015]).
 

 In light of our determination, we need not address the parties’ remaining contentions.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.