Matter of Lew v Sobel (2019 NY Slip Op 03972)





Matter of Lew v Sobel


2019 NY Slip Op 03972


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-01607
 (Index No. 8596/03)

[*1]In the Matter of Mark Lew, appellant,
v
Gail Sobel, respondent; et al., nonparty-respondent.


Wand & Goody, LLP, Huntington, NY (Jennifer H. Goody of counsel), for appellant.
Gail Sobel, Jericho, NY, respondent pro se.



DECISION & ORDER
In a child custody proceeding pursuant to Domestic Relations Law article 5, the father appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated December 23, 2016. The order, insofar as appealed from, denied those branches of the father's motion which were to terminate his child support obligation entirely or, in the alternative, for downward modification of his child support obligation, to hold the mother in civil contempt, and for an award of attorney's fees.
ORDERED that the order is modified, on the law and on the facts, by deleting the provision thereof denying that branch of the father's motion which was for downward modification of his child support obligation, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the father, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the father's basic child support obligation for the parties' younger child pursuant to the Child Support Standards Act.
The parties, who have two children, were never married. The father's child support obligation was fixed by court order based on the needs of the children. Pursuant to a prior order of this Court (see Matter of Lew v Sobel, 46 AD3d 893), the father paid one half of his child support obligation to the mother and one half to the mother's attorney, to be held in an escrow account until the mother could certify, to the satisfaction of the Supreme Court, her compliance with the parental access provisions of a prior order of the Supreme Court dated April 28, 2006, and the absence of her interference with the father's parental access rights. In February 2010, the father moved, inter alia, for leave to pay the other half of his child support obligation, which he had been paying directly to the mother, to the mother's attorney for deposit into the escrow account, due to the mother's malfeasance regarding the father's parental access with the parties' then-minor children. The Supreme Court granted that branch of the father's motion, and on appeal, this Court upheld that determination (see Matter of Lew v Sobel, 91 AD3d 648).
In an order dated December 9, 2008 (hereinafter the December 2008 order), the Supreme Court directed the mother to deposit the sum of $2,904 into escrow, as she had received that sum from the support collection unit when it should have been deposited into escrow. Thereafter, in an order dated August 24, 2012 (hereinafter the August 2012 order), the court, after [*2]a hearing, inter alia, denied that branch of the father's motion which was to terminate his child support obligation and directed the father to continue paying his child support obligation into an escrow account maintained by a trustee until the parties' older child turned 21. The August 2012 order provided that after the parties' older child turned 21 "the father shall pay a reduced child support obligation, pursuant to the Child Support Standards Act, for the younger child until that child's twenty first birthday." The court authorized the trustee only to pay certain of the children's medical and educational expenses out of the account. The August 2012 order also directed the mother to pay the father $100,000 in counsel fees and directed the clerk to enter judgment accordingly. In addition, it directed, inter alia, entry of a money judgment in favor of the trustee in the amount of $2,904, with interest, in accordance with the December 2008 order, and fined the mother $7,500, payable to the clerk of the court, as punishment for the mother's criminal contempt in failing to make the $2,904 payment. The August 2012 order was affirmed by this Court insofar as appealed from (see Matter of Lew v Sobel, 120 AD3d 1418).
After the parties' older child turned 21, the father moved to terminate his child support obligation entirely or, in the alternative, for downward modification of his child support obligation, to hold the mother in civil contempt on the ground that she failed to comply with certain payment provisions of the Supreme Court's August 2012 order, and for an award of attorney's fees. In the order appealed from, the court, inter alia, denied the father's motion. The father appeals.
"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (Matter of Barlow v Barlow, 112 AD3d 817, 818; see Matter of Lew v Sobel, 120 AD3d at 1419). Here, although one of the parties' children attained age 21, the other did not. Therefore, we agree with the Supreme Court's determination to deny that branch of the father's motion which was to terminate his child support obligation entirely (see Matter of Lew v Sobel, 120 AD3d at 1419). However, that branch of the father's motion which sought downward modification of his child support obligation based upon the emancipation of the parties' older child should have been granted. The August 2012 order expressly provided that the father was not required to pay child support into the trustee's escrow account for the parties' older child after that child turned 21, and that the father shall pay a reduced child support obligation pursuant to the Child Support Standards Act until the younger child's 21st birthday, and is the law of the case in the absence of any changed circumstances. "It is fundamental that a judge may not review or overrule an order of another judge of coordinate jurisdiction in the same action or proceeding" (Matter of Wright v County of Monroe, 45 AD2d 932, 932; see Pathak v Shukla, 164 AD3d 687, 689). Accordingly, the father was entitled to an adjustment of his child support obligation using a Child Support Standards Act calculation as required by the August 2012 order.
We agree with the Supreme Court's denial of those branches of the father's motion which were to hold the mother in civil contempt and for an award of attorney's fees. The mother cannot be held in civil contempt for her failure to pay money judgments obtained by the trustee and the father, and for her failure to pay other sums of money due to the trustee. Absent statutory provision to the contrary, a party to an action or special proceeding cannot be held in civil contempt for nonpayment of a sum of money, ordered or adjudged by the court to be paid, where enforcement can be accomplished through judgment execution (see Judiciary Law § 753[A][3]; Liang v Yi Jing Tan, 155 AD3d 1023, 1024; Cantalupo Constr. Corp. v 2319 Richmond Terrace Corp., 141 AD3d 626, 627). Further, the father failed to demonstrate that he was prejudiced by the mother's failure to pay a contempt fine to the clerk of the court that the Supreme Court had directed her to pay as result of a prior finding of contempt against her (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Casler v Casler, 131 AD3d 664, 665).
The mother's remaining contentions are either not properly before this Court or without merit (see CPLR 5515; Pathak v Shukla, 164 AD3d at 689).
BALKIN, J.P., AUSTIN, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court