Tedesco v Elio (2022 NY Slip Op 07473)

Tedesco v Elio

2022 NY Slip Op 07473

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-09264
 (Index No. 500718/17)

[*1]David Tedesco, et al., respondents,
v
Andrew Elio, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Craig T. Bumgarner, P.C., Carmel, NY (Ellen A. Faulkner of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for trespass and for injunctive relief, the defendant appeals from a judgment of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated November 24, 2020. The judgment, upon an order of the same court dated September 30, 2020, made after a hearing, granting the plaintiffs' motion to hold the defendant in civil contempt, fining him the sum of $100 per day nunc pro tunc to August 1, 2020, payable to the plaintiffs, until an L-shaped retaining wall was removed, directing the defendant's incarceration on weekends starting December 4, 2020, until he submitted proof that the wall had been removed and that he had paid all fines and Sheriff's fees, and awarding the plaintiffs attorneys' fees in the sum of $10,000, "which shall be satisfied by Defendant to purge himself of contempt," is in favor of the plaintiffs and against the defendant in the principal sum of $10,000.
ORDERED that the judgment is reversed, on the law and the facts, with costs, the order dated September 30, 2020, is vacated, and the plaintiffs' motion to hold the defendant in civil contempt is denied.
Initially, we note that the defendant failed to perfect an appeal from an order dated September 30, 2020, which was deemed dismissed by this Court. As a general rule, this Court will not consider any issue raised on a subsequent appeal that could have been raised in an earlier appeal that was dismissed for lack of prosecution, although this Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Green Tree Credit, LLC v Jelks, 120 AD3d 1299, 1300). However, since the right of direct appeal from an order terminates once judgment has been entered (see Matter of Aho, 39 NY2d 241), and since the defendant timely appealed from the judgment before his appeal from the September 30, 2020 order was deemed dismissed for failure to perfect, we exercise our jurisdiction to entertain this appeal from the judgment (see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 786).
This case involves the defendant's failure, in accordance with a judgment dated August 14, 2019, to timely remove an L-shaped retaining wall encroaching upon the plaintiffs' property. The facts relating to that controversy, and the judgment dated August 14, 2019, rejecting the defendant's claim of adverse possession, are set forth in this Court's decision and order on a companion appeal (see Tedesco v Elio, _____ AD3d _____ [Appellate Division Docket No. 2019-[*2]09908; decided herewith]).
By letter dated September 13, 2019, the defendant's attorney notified the Supreme Court that the defendant had procured an estimate that replacement of the L-shaped retaining wall would cost $19,500, and that the defendant did not have the financial resources to undertake the work. A copy of the estimate was annexed to the letter.
By notice of motion dated September 23, 2019, the plaintiffs moved to hold the defendant in civil contempt. In response, the defendant submitted, inter alia, an affidavit of a professional engineer, who stated that the L-shaped retaining wall could not be removed within 30 days, because its removal would destabilize the surrounding soil unless a replacement wall with a cement foundation was built in its place.
A hearing on the plaintiffs' motion commenced in August 2020. At the hearing, the defendant testified, inter alia, that removal of the L-shaped retaining wall without a replacement would cause damage to the properties of both the defendant and the plaintiffs. In his testimony at the hearing, the plaintiff David Tedesco acknowledged that the L-shaped retaining wall supported the soil on the plaintiffs' property.
The defendant testified at the hearing that he had saved between $7,000 and $8,000 towards the removal and replacement of the L-shaped retaining wall. He asserted that, during periods of the COVID-19 pandemic, he was not working and was collecting unemployment benefits. After the defendant produced personal bank statements and business bank statements to prove financial hardship, the Supreme Court concluded that the defendant's submissions were incomplete, inter alia, since no proof of his business expenses were produced.
In an order dated September 30, 2020, the Supreme Court granted the plaintiffs' motion to hold the defendant in civil contempt for failing to remove the L-shaped retaining wall, fined him $100 per day nunc pro tunc to August 1, 2020, payable to the plaintiffs, until the L-shaped retaining wall was removed, directed his incarceration on weekends starting December 4, 2020, until he submitted proof that the L-shaped retaining wall had been removed and that he had paid all fines and Sheriff's fees, and awarded the plaintiffs attorneys' fees in the sum of $10,000, "which shall be satisfied by Defendant to purge himself of contempt." A judgment dated November 24, 2020, in favor of the plaintiffs and against the defendant in the principal sum of $10,000, was entered upon the order dated September 30, 2020. The defendant appeals.
To establish civil contempt, "the movant is required to prove, by clear and convincing evidence, '(1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation'" (Board of Mgrs. of Brightwater Towers Condominium v M. Marin Restoration, Inc., 206 AD3d 605, 607, quoting Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). The movant need not establish willful disobedience, but the conduct must be intentional—not unwitting (see El-Dehdan v El-Dehdan, 26 NY3d 19, 35; Rhodes v Rhodes, 169 AD3d 841, 843). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (El-Dehdan v El-Dehdan, 114 AD3d 4, 17, affd 26 NY3d 19).
Civil contempt is established, regardless of the contemnor's motive, when disobedience of the court's order "defeats, impairs, impedes, or prejudices the rights or remedies of a party" (id. at 17 [internal quotation marks omitted]). "Prejudice is shown where the party's actions 'were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party'" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d at 964, quoting Matter of Figueroa-Rolon v Torres, 121 AD3d 684, 685). Prejudice may include impairment of use and enjoyment of property (see Levy v Morgan, 92 AD3d 1118, 1121), but contempt may not be used to enforce monetary awards which could be enforced by execution of a money judgment (see Cantalupo Constr. Corp. [*3]v 2319 Richmond Terr. Corp., 141 AD3d 626, 627; Moore v Davidson, 57 AD3d 862).
Here, contrary to the Supreme Court's determination, the plaintiffs failed to prove the elements of a civil contempt by clear and convincing evidence. The plaintiffs asserted no prejudice, such as an impairment of use of their property or any pecuniary loss, from the defendant's failure to remove and replace the L-shaped retaining wall in a timely manner. The evidence was undisputed that removal of the L-shaped retaining wall without replacing it would destabilize the soil on the hill on which the plaintiffs' house was situated, and would cause damage to the defendant's property (see generally City of New York v Prudenti's Rest. on the Riv., Inc., 203 AD3d 1127; Marsh v Hogan, 81 AD3d 1241). Further, the defendant demonstrated that his delay in removing the L-shaped retaining wall was occasioned by the COVID-19 pandemic.
Additionally, in any event, the defendant demonstrated an inability to timely remove the L-shaped retaining wall given the cost of the project and his financial hardship occasioned, in part, by the COVID-19 pandemic. The Supreme Court's implication that the defendant was required to use business assets to remove the wall—including proceeds of a small business loan—was error, since replacing the L-shaped retaining wall, which is on the property of his personal residence, was a personal expense.
Moreover, requiring the defendant to satisfy the monetary awards against him in order to avoid incarceration was, likewise, improper (see Cantalupo Constr. Corp. v 2319 Richmond Terrace Corp., 141 AD3d at 627; Moore v Davidson, 57 AD3d 862).
Accordingly, the Supreme Court should have denied the plaintiffs' motion to hold the defendant in civil contempt.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court