■ In the Matter of THOMAS A. WELSH, Respondent, v ANNA M. LAWLER, Appellant.—Mikoll, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered October 28, 1987, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law § 241, to suspend petitioner's obligation to pay child support and maintenance.

Petitioner and respondent were married in 1971 and divorced in November 1984. Three children were born of the marriage between the years 1974 and 1978. Supreme Court issued the judgment of divorce awarding custody and exclusive use of the marital residence in the Town of Bethlehem, Albany County, to respondent. The judgment awarded peti-

tioner the following visitation rights away from the custodial residence: four weeks each year for vacation, two weekends per month from Friday evening until Sunday evening, every other Sunday afternoon, one week night per week for three hours, and several holidays. Petitioner was directed to pay $220 per week in unallocated child support and maintenance.

Disputes over visitation soon arose. Petitioner alleged that respondent would not let him visit with the children overnight as permitted in the judgment of divorce. Family Court issued several orders compelling respondent's compliance with the divorce judgment but these orders were ignored. Family Court issued two temporary orders in July and September 1985 which, first, reiterated petitioner's custody rights from Friday evening until Sunday evening every other weekend, and, second, modified the judgment to give petitioner exclusive use and occupancy of the former marital residence during his weekend visitation periods. Petitioner enlisted the aid of the Bethlehem town police to have respondent removed from the house so that petitioner could visit with his children. Once respondent was arrested for obstructing governmental administration. She was later tried and convicted of obstruction. However, on appeal, County Court reversed the conviction. Since September 1985, petitioner has somewhat regularly visited his children for several hours at a time, but not overnight.

In June 1987, Family Court vacated "all orders of the Court prior to September 12, 1986". Petitioner commenced the instant proceeding by service of a "petition for modification of order made by another court". He requested he be relieved of his obligation to pay the $220 a week in child support and maintenance, as ordered by the divorce judgment, until respondent allows him to exercise his overnight visitation rights. Family Court denied respondent's motion to compel production of petitioner's financial history and held a hearing in August 1987, during which testimony was heard from four Bethlehem town police officers, a psychiatrist who examined the parties and their children, and the parties themselves.

On October 28, 1987, Family Court granted the petition directing that petitioner's "obligations of support and maintenance * * * are suspended * * * until such time as [petitioner] has overnight visitation with one or all of his children". The order also set forth a detailed visitation schedule. This appeal by respondent ensued.

The order of Family Court should be affirmed. Respondent's argument that Family Court erred in relying on respondent's

alleged violations of the July and September 1985 temporary orders because it had vacated those orders is without merit. The June 1987 order vacating the temporary orders was essentially a housekeeping measure taken to eliminate the numerous, partially conflicting visitation orders and leave standing the latest order dated September 12, 1986. The order restated that respondent was given custody of the children and set forth a modified visitation schedule in reliance on recommendations from the Albany County Community Mental Health Clinic. Family Court properly considered respondent's failure to obey the two orders which were then existing and binding on her. Although the two temporary orders were vacated, petitioner's right to overnight visitation, originally granted in the divorce judgment, was not taken away.

Respondent next contends that Family Court did not have jurisdiction to affect real property possessory rights and that therefore the two orders of July 31 and September 28, 1985 giving petitioner certain possessory rights to the former marital residence were invalid. This argument is not persuasive. In the parties' divorce action, Supreme Court specifically stated that "any and all future matters" concerning the judgment of divorce, including support and visitation disputes "shall be settled by this Court or the appropriate Family Court". Under Family Court Act § 467 (c), Family Court had "the same powers possessed by the supreme court". Accordingly, Family Court had the power to modify the parties' possessory rights to the marital residence (Domestic Relations Law § 234; Family Ct Act § 651; *see, Capelli v Capelli,* 42 AD2d 905, 906; *cf., Matter of Michener v Metcalf,* 99 AD2d 925).

We also reject respondent's argument that there was a lack of evidence of respondent's interference with petitioner's visitation rights to justify suspension of petitioner's child support and maintenance obligations. The record contains sufficient evidence of such interference with the two temporary orders to permit Family Court, in its discretion, to suspend those obligations of petitioner pending respondent's compliance with Family Court's order *(see, Capelli v Capelli, supra; see also, Goulet v Goulet,* 125 AD2d 951; *Matter of Reichle v Perna,* 117 AD2d 808; *see also,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 241, at 730-731).

Finally, respondent's contention that Family Court erred in denying her request for discovery of petitioner's financial data is without merit. Contrary to respondent's arguments, Family Court Act § 424-a (a) is not applicable here. In proceedings

concerning Family Court Act § 424-a (a) and its counterpart, Domestic Relations Law § 236 (B) (4), central issues are whether child support and maintenance are necessary and, if so, how much. In this proceeding seeking relief under Domestic Relations Law § 241, the only question is whether the support and maintenance payments should be suspended as a penalty for interference with visitation.

Order affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.