■ DENNIS M. DOYLE, Appellant, v IRENE DOYLE, Respondent. [603 NYS2d 525] —In a matrimonial action in which the parties were divorced by a judgment dated April 12, 1985, the defendant former husband appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated April 16, 1991, which, after a hearing, *inter alia,* found him in contempt of court and granted the plaintiff former wife a judgment for child support arrears in the amount of $17,040.

Ordered that the judgment is affirmed, with costs.

The parties were divorced in April 1985 in Nassau County and, pursuant to the terms of the divorce judgment, the former wife was granted sole custody of the parties' two children, and the former husband was required to pay child support of $60 a week. In 1990, the former wife brought a motion to hold the former husband in contempt based on his failure to pay child support for approximately five years. At a hearing on the contempt motion, the former husband did not dispute that the arrears amounted to $17,040. He argued, however, that the court should consider his application, allegedly pending since 1985, for the elimination of his child support obligation. We find that the court did not err in precluding the former husband from raising that issue in the contempt proceeding.

In his 1985 motion, the former husband sought, *inter alia,* transfer of custody of the children and the elimination of his child support obligation based on his allegation that the former wife's relocation to Dutchess County interfered with his visitation rights. Following a hearing on the motion in 1987, the court determined that the former wife's relocation did not interfere with his visitation rights and that a transfer of custody was not in the best interest of the children. Because the court did not specifically address the issue of child support in its 1987 decision and order, the former husband now contends that his application to eliminate child support remained pending at the time of the contempt hearing.

We find no merit to this contention and conclude that the former husband's application was denied *sub silentio* in the 1987 order. Pursuant to Domestic Relations Law § 241, as amended effective August 5, 1986, interference with visitation rights is not a ground for the cancellation of child support arrears *(see, Brancoveanu v Brancoveanu,* 156 AD2d 409, 410), although such interference may provide a basis for the prospective suspension of child support *(see, Matter of Welsh v Lawler,* 144 AD2d 226; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 241, at 730-731). Here, in view of the court's determination that the former wife had not interfered with the former husband's visitation rights, his application to suspend his child support obligation on that ground was necessarily denied. The former husband thereafter sought to expand his visitation rights, but he did not specifically request the elimination or modification of his child support obligation in his motion papers. Consequently, since the former husband did not obtain an order suspending his child support obligation

prior to the contempt hearing, the court properly granted the former wife a judgment for the arrears *(see, Goldfarb v Goldfarb,* 175 AD2d 275; Domestic Relations Law §§ 241, 244). We further find that the record supports the court's determination that the former husband's failure to pay child support was willful *(see, Ruggerio v Ruggerio,* 173 AD2d 595; *Richter v Richter,* 156 AD2d 653). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.