■ In the Matter of STEVEN CLUM, Respondent, v MICHELLE SEKSINSKY, Appellant. [692 NYS2d 746] —In a proceeding pursuant to Family Court Act article 6, inter alia, to restrict the respondent mother from relocating to York, Pennsylvania, with the parties' child, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Pagones, J.), dated April 9, 1998, as, after a hearing, granted that branch of the father's application which was, in effect, for downward modification of child support, upon a finding that the mother interfered with the father's visitation rights, and suspended the obligation of the father to pay child support.

Ordered that the order is modified, on the law and facts, by deleting the provision thereof suspending the father's obligation to pay child support and substituting therefor provisions (1) denying the father's application, in effect, for downward modification of child support with leave to renew if circumstances so warrant, and (2) granting that branch of the father's application which was for "equitable travel arrangements", and

awarding him travel expenses of $300 payable by the mother each time that he exercises visitation to a maximum of $900 per calendar year, with pick up and delivery of the child to be accomplished at the Harrisburg International Airport unless the parties agree otherwise; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Shortly after the mother was awarded custody of the parties' child, the father moved from Dutchess County, where the mother lived with the child, to Utah. Two years later, after the mother remarried, she notified the father that she intended to relocate to Pennsylvania to live with her spouse. The father brought this application to restrict the mother from moving. A preponderance of the evidence adduced at the hearing supports a finding that the relocation to Pennsylvania serves the child's best interest (see, Matter of Tropea v Tropea, 87 NY2d 727; Caroll v Caroll, 215 AD2d 623).

The record does not support the court's finding that the mother's interference with the father's visitation warranted a total cessation of his obligation to pay child support. The testimony indicated that the father exercised visitation for one week in December 1997 and the mother permitted the child to telephone the father on the child's birthday, also in December 1997, three months before the hearing. Although the testimony also indicated that the parents had some difficulty communicating, it did not support the finding that "the mother's conduct rose to the level of 'deliberate frustration' or 'active interference' with the father's visitation rights" (Matter of Hecht v Hecht, 222 AD2d 589, quoting Weinrich v Weinrich, 184 AD2d 505, 506).

We modify the order to grant that branch of the father's application which was for "equitable travel arrangements" (see, Martinez v Konczewski, 85 AD2d 717, affd 57 NY2d 809). Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur.