■ ELANA LEDGIN, Respondent, v DAVID H. LEDGIN, Appellant. [828 NYS2d 202]—

In a matrimonial action in which the parties were divorced by judgment entered May 3, 2005, the defendant appeals from a judgment of the Supreme Court, Nassau County (Balkin, J.), entered June 8, 2006, which, upon an order of the same court entered March 8, 2006, denying his motion, inter alia, for cancellation of child support and maintenance arrears and granting that branch of the plaintiff's cross motion which was for a money judgment for child support and maintenance arrears due pursuant to the parties' judgment of divorce and the parties' stipulation of settlement dated July 7, 2004, which was incorporated but not merged into the judgment of divorce, is in favor of the plaintiff and against him in the principal sum of $100,491.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The only issue raised on this appeal is whether a "hearing should have been held to determine what amount, if any, of ar-

rears [of child support and maintenance] the [Supreme] Court might [have] wipe[d] out" based on the alleged interference with the appellant's visitation rights. Contrary to the appellant's contention, however, there was no basis for such a hearing. "Pursuant to Domestic Relations Law § 241, as amended effective August 5, 1986, interference with visitation rights is not a ground for the cancellation of child support arrears" (*Doyle v Doyle*, 198 AD2d 256, 257 [1993]; *see Gagliardo v Gagliardo*, 151 AD2d 718 [1989]).

Interference with visitation rights can be the basis for the cancellation of arrears of maintenance and the prospective suspension of both maintenance and child support. However, such relief is warranted only where the custodial parent's actions rise to the level of "deliberate frustration" or "active interference" with the noncustodial parent's visitation rights (*Weinreich v Weinreich*, 184 AD2d 505, 506 [1992]; *see Matter of Smith v Graves*, 305 AD2d 419 [2003]; *Matter of Clum v Seksinsky*, 263 AD2d 507 [1999]; *Matter of Beal v Beal*, 244 AD2d 550 [1997]). The moving papers failed to demonstrate "active interference" or "deliberate frustration." Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.