■ In the Matter of JAMES M. THOMPSON, Respondent, v WAI K. YU THOMPSON, Appellant. [910 NYS2d 536]—

In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Klein, J.), dated April 21, 2009, as, upon a decision of the same court dated December 24, 2008, issued after a hearing, granted the father's petition alleging a violation of a previous order of visitation and suspended the father's obligation to pay child support and related expenses regarding the child, nunc pro tunc from December 24, 2008, unless and until a determination is made that visitation between the father and the child has resumed.

Ordered that the order dated April 21, 2009, is affirmed insofar as appealed from, without costs or disbursements.

In January 2004 the father commenced a proceeding seeking visitation with the parties' minor child (hereinafter the child) who was born in 1996. After a hearing, by order enterred January 11, 2006, the Family Court granted the father's petition for therapeutic visitation. On appeal, this Court modified that order by adding a directive that the father and the child submit to individual therapy (see Matter of Thompson v Yu-Thompson, 41 AD3d 487 [2007]).

Soon after the Family Court entered its order, the father filed a petition alleging violation of the order by the mother. Visits finally commenced in December 2006 and went well, but one

month later, the father filed this petition alleging that the mother was not responding to repeated requests to schedule further visitations. During the proceedings on the petition, visitations resumed, but interactions between father and son became progressively more strained, with the child refusing to visit with his father at all or to engage with his father when visits did occur. After a hearing, the Family Court found that the child was so closely allied with his mother and her negative view of the father that "it appears that the hoped-for reconnection between [the child] and his father" was unlikely at that time. Finding that the mother had failed to encourage, and had interfered with, visitation, the Family Court granted the father's violation petition and suspended the father's child support payments until visitation resumes. The mother appeals and we affirm.

Generally, parents have a statutory duty to continually support their children until they reach 21 years of age (see Family Ct Act § 413 [1] [a]; Foster v Daigle, 25 AD3d 1002, 1004 [2006]). "However, where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent, child support payments may be suspended" (Matter of Crouse v Crouse, 53 AD3d 750, 751 [2008]; see Ledgin v Ledgin, 36 AD3d 669, 670 [2007]; Usack v Usack, 17 AD3d 736, 737-738 [2005]; Doyle v Doyle, 198 AD2d 256 [1993]; Matter of Welsh v Lawler, 144 AD2d 226, 228 [1988]). Such suspension of child support is "warranted only where the custodial parent's actions rise to the level of 'deliberate frustration' or 'active interference' with the noncustodial parent's visitation rights" (Ledgin v Ledgin, 36 AD3d at 670, quoting Weinreich v Weinreich, 184 AD2d 505, 506 [1992]; see Matter of Rivera v Echavarria, 48 AD3d 578 [2008]; Matter of Smith v Graves, 305 AD2d 419 [2003]; Hiross v Hiross, 224 AD2d 662, 663 [1996]).

Determinations of custody and visitation matters turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and where a full evidentiary hearing has been held on the child's best interests, the resultant findings will not be lightly set aside on appeal (see Petek v Petek, 239 AD2d 327 [1997]). Here, the evidence at the hearing supported the Family Court's finding that the mother deliberately frustrated the child's court-ordered visitation with his father such that suspension of child support payments until visitation resumes was warranted. There was evidence that the mother communicated her enmity towards the father to the child, made inappropriate disclosures concerning the parties' history, and

failed to encourage and facilitate regular visitation, missing numerous scheduled visitations and ultimately supporting the child's decision to refuse visitation. Thus, the evidence supports the finding that the mother, by her example, her actions, and her inaction, deliberately frustrated visitation by manipulating the child's loyalty and orchestrating and encouraging the estrangement of father and son (*see Usack v Usack*, 17 AD3d at 736; *Labanowski v Labanowski*, 4 AD3d 690, 695 [2004]; *cf. Foster v Daigle*, 25 AD3d at 1004). Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.