Order, Supreme Court, New York County (Lori S. Sattler, J.), entered April 16, 2013, which denied defendant’s motion to suspend his child support obligation and to enforce payment by plaintiff of self-executing fines for missed parenting time, unanimously modified, on the law and the facts, to grant the motion to the extent of suspending defendant’s child support obligations until regular visits with the child are resumed, and otherwise affirmed, without costs.
Plaintiff’s “deliberate frustration” of and “active interference” with defendant’s visitation rights warrant the suspension of child support payments (see Ledgin v Ledgin, 36 AD3d 669, 670 [2d Dept 2007]; Domestic Relations Law § 241). On a prior appeal, we affirmed Supreme Court’s finding that plaintiff had alienated the child from defendant (Rodman v Friedman, 33 AD3d 400 [1st Dept 2006], lv dismissed 8 NY3d 895 [2007]). On the instant motion, the court found, based on plaintiffs own submissions, that “alienation ha[d] continued unabated” and that “[p]laintiff s conduct remains unchanged: she persists in her denigration of [defendant as a parent and as a person and refuses to accept responsibility for the escalating damage being inflicted on her daughter.” Under the circumstances, suspension of defendant’s child support obligation is necessary to enforce defendant’s reasonable rights of visitation.
Defendant’s argument that the court should have declared the child constructively emancipated was improperly raised for *538 the first time on appeal (see Matter of Matthew Niko M. [Niko M.], 85 AD3d 544 [1st Dept 2011]). In any event, at the time of defendant’s motion, the child was not of an “employable age,” being only 15 years old, so her abandonment of defendant could not be deemed to constitute constructive emancipation (see Matter of Dobies v Brefka, 83 AD3d 1148, 1152 [3d Dept 2011] [internal quotation marks omitted]).
The court properly declined to enforce the self-executing fines for missed visitation time, since the part of the court’s 2006 order directing plaintiff to pay those fines was held in abeyance in March 2007, pending the determination of the parties’ motions. In May 2007, the court explicitly instructed defendant to renew his application for any relief that had been held in abeyance, which defendant failed to do until 2012. Defendant’s assertions that he has been “tracking” every visit with the child by the hour and that fines for missed visitation from 2006 until 2011 have reached $134,775 are unsubstantiated. Concur — Mazzarelli, J.E, Sweeny, Moskowitz, Freedman and Clark, JJ.