■ In the Matter of DARIA M. SULLIVAN, Respondent-Appellant, v STEVEN S. PLOTNICK, Appellant-Respondent. (Proceeding No. 1.) In the Matter of STEVEN S. PLOTNICK, Appellant-Respondent, v DARIA M. SULLIVAN, Respondent-Appellant. (Proceeding No. 2.) [47 NYS3d 329]—

Appeals by the father and cross appeals by the mother from (1) an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated April 5, 2013, and (2) an order of that court (Edmund M. Dane, J.), dated June 26, 2014. The order dated April 5, 2013, after a hearing, inter alia, denied that branch of the father's amended petition which was to modify a prior amended consent order of that court and granted his petition to vacate his child support obligation to the extent of directing him to pay 50% of his child support obligation to the mother and the remaining 50% to the mother's attorney to hold in escrow pending the mother's active participation in restoring the parental access rights of the father. The order dated June 26, 2014, upon confirming the report of a Judicial Hearing Officer (Elaine Jackson Stack, J.H.O.), dated January 16, 2014, made after a hearing, in effect, found the mother in violation of the order dated April 5, 2013, denied that branch of the father's amended petition which was to award him sole custody of the parties' children, terminated the father's support obligation and returned partial support payments to him, and vacated prior orders of parental access for the father.

Ordered that the appeals and cross appeals from so much of the orders as relate to the parties' son, except as they relate to the issue of child support, are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated April 5, 2013, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated June 26, 2014, is affirmed insofar as reviewed, without costs or disbursements.

The parties, who were never married, have two children together. By a consent order of custody and visitation dated October 25, 2004, as amended by a consent order of custody and visitation dated December 19, 2005 (hereinafter together the custody and visitation orders), the mother was awarded physical custody of the children and the father was awarded visitation. In 2007, the mother petitioned to modify the parental access schedule provided for in the custody and visitation orders. The Family Court granted the father's cross motion to dismiss the mother's petition without a hearing. On a prior appeal, this Court reversed the order and remitted the matter for a hearing on the mother's petition (see Matter of Sullivan v Plotnick, 61 AD3d 883 [2009]). In 2010, the father filed a petition to modify the custody and visitation orders so as to award him sole custody of the children, alleging that the mother interfered with his parenting time.

In July 2010, while these proceedings were pending, the children's paternal uncle contacted them, and revealed that the father had been previously married, and that they had two older siblings. It is undisputed that the children were upset that the father had withheld this information from them, and that the disclosure prompted them to refuse to visit or communicate with the father. In an attempt to rehabilitate the relationship between the father and the children, the Family Court directed therapeutic visitation in an order dated August 18, 2010. The father subsequently filed two motions alleging that the mother had violated the orders directing therapeutic visitation. He also filed a petition to vacate a support order dated December 21, 2007, and an amended petition to modify the custody and visitation orders so as to award him sole physical and legal custody of the subject children, alleging that the mother had alienated the children from him. After a hearing on the father's violation motions, by order dated September 6, 2011, the Family Court found that the mother wilfully violated the orders directing therapeutic visitation.

After further hearings on the parties' modification petitions, by order dated April 5, 2013 (hereinafter the April 2013 order), the Family Court, inter alia, denied that branch of the father's amended petition which was to modify the custody and visitation orders so as to award him sole custody, found that the mother had alienated the children, and granted that branch of the father's petition to vacate his support obligation to the extent of directing him to pay 50% of his child support obligation to the mother, and to pay the remaining 50% of his child support obligation to the mother's attorney to hold in an escrow

account, pending the mother's active participation in restoring the parental access rights of the father.

As is relevant to these appeals, by order dated June 26, 2014, after a hearing, the Family Court confirmed a report of the Judicial Hearing Officer finding that the mother wilfully violated the April 2013 order by failing to affirmatively act to restore the parental access rights of the father and interfering with the children's relationship with the father, and recommending, inter alia, that the father's support obligation be terminated, that funds received by the mother's attorney as partial payment of the father's support obligation be refunded to the father, that the branch of the father's amended petition which was to modify the custody orders be denied, and that prior orders directing parental access for the father be vacated.

The Family Court has jurisdiction to direct custody and visitation of minor children, who are defined under the Family Court Act as "person[s] who [have] not attained the age of eighteen years" (Family Ct Act §§ 119 [c]; 651). Since the parties' son is now over the age of 18, he is no longer subject to an order directing custody and visitation (*see Matter of Lozada v Pinto*, 7 AD3d 801, 801 [2004]). Thus, the appeals and cross appeals from so much of the orders as relate to the parties' son must be dismissed as academic, except as they relate to the issue of child support.

With respect to the parties' daughter, who is now 17 years old, modification of an existing custody or visitation order is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child (*see Matter of Hillord v Davis*, 123 AD3d 1126, 1126 [2014]; *Matter of Jasiah T.-V.S. J. [Joshua W.]*, 123 AD3d 717 [2014]; *Matter of O'Shea v Parker*, 116 AD3d 1051 [2014]). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's findings in connection with these issues should not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Halioris v Halioris*, 126 AD3d 973, 974 [2015]; *see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of D'Amico v Corrado*, 129 AD3d 718, 719 [2015]). While one parent's alienation of a child from the other parent is an act inconsistent with the best interests of the child (*see Matter of Bennett v Schultz*, 110 AD3d 792, 793 [2013]), here, the child's bond to the alienating parent, and her alienation from the father, is so strong, with, among other factors, both parents contributing to the deterioration of that relationship, that a change of custody would be

harmful to her. There is, thus, no basis to disturb the Family Court's determination, made after a hearing and an in camera interview with the child, that a change of custody would not be in the child's best interests (see Matter of Lew v Sobel, 46 AD3d 893, 895 [2007]).

Moreover, giving due consideration to the wishes, age, and maturity of the parties' daughter, it was a provident exercise of the Family Court's discretion to decline to mandate visitation with the father where the child, who was 14 years old at the time of the court's determination, had a strained relationship with the father and was vehemently opposed to any form of visitation with the father (see Cervera v Bressler, 109 AD3d 780, 781 [2013]; Matter of Schick v Schick, 72 AD3d 1100, 1101 [2010]). Thus, the court properly vacated all prior orders directing parental access for the father.

Contrary to the mother's contention, the evidence adduced at the hearings justified a suspension of the father's obligation to make future child support payments (see Matter of Coull v Rottman, 131 AD3d 964, 965 [2015]; Rodman v Friedman, 112 AD3d 537, 537 [2013]). There was evidence that the mother deliberately frustrated the court-ordered therapeutic visitation in many ways, including unnecessarily canceling a number of sessions, discussing the court proceedings and the therapeutic visits with the children and telling the son that it was up to him as to whether he participated in the therapeutic visits, and referring negatively to the father in the presence of the children. These deliberate efforts by the mother influenced the children to view visitation with the father negatively and contributed to the failure of therapeutic visitation. The mother further failed to make an effort to have a therapist address the children's negative feelings toward their father and made no effort to assist the children in restoring their relationship with the father. Thus, the evidence supports the finding that the mother, by her example, her actions, and her inaction, manipulated the children's loyalty, encouraged the estrangement of the father and children, and deliberately frustrated visitation. Under these circumstances, it was appropriate to suspend the father's current child support obligations (see Matter of Thompson v Thompson, 78 AD3d 845 [2010]).

The mother's further contention that the Judicial Hearing Officer was biased against her in the conduct of the hearings is without merit. When a claim of bias is raised, the " 'inquiry on appeal is limited to whether the judge's bias, if any, unjustly affected the result to the detriment of the complaining party' " (Matter of Davis v Pignataro, 97 AD3d 677, 678 [2012], quoting

*Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 465, 466 [2006]). Here, the record shows that the Judicial Hearing Officer treated the parties fairly and did not have a predetermined outcome of the case in mind during the hearings (*see Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]; *Matter of Davis v Pignataro*, 97 AD3d at 678; *Hoey v Rawlings*, 51 AD3d 868, 869 [2008]; *Lorenzo v Mass, Inc.*, 31 AD3d 616, 617 [2006]).

The mother's remaining contentions are without merit. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.