■ In the Matter of THIERRY E. LEW, Appellant, v DOROTHY M. LEW, Respondent. [58 NYS3d 145]—

Appeal by the father from an order of the Family Court, Nassau County (Robert Lopresti, Ct. Atty. Ref.), dated June 27, 2016. The order, insofar as appealed from, after a hearing, denied the father's petition to enforce the visitation provisions of the parties' judgment of divorce and his separate petition to enforce an order dated September 13, 2013, granting him therapeutic supervised visitation with the parties' child.

Ordered that the order dated June 27, 2016, is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by a judgment of divorce entered on November 24, 2009, which awarded custody of the parties' child to the mother, and supervised visitation to the father. The Family Court subsequently issued an order dated September 13, 2013, granting the father therapeutic supervised visitation with the child. The father filed a petition to enforce the visitation provisions of the judgment of divorce, and a separate petition to enforce the order dated September 13, 2013. After a hearing, the Family Court denied the petitions. The father appeals.

" '[T]he [Family] Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child' " (*Cervera v Bressler*, 109 AD3d 780, 781 [2013], quoting *Matter of Schick v Schick*, 72 AD3d 1100, 1101 [2010]; *see Matter of Pignataro v Davis*, 8 AD3d 487, 488-489 [2004]; *Matter of Plaza v Plaza*, 305 AD2d 607 [2003]). "Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (*Matter of Rodriguez v Silva*, 121 AD3d 794, 795 [2014] [internal quotation marks omitted]; *see Pollack v Pollack*, 56 AD3d 637 [2008]; *Twersky v Twersky*, 103 AD2d 775 [1984]). Where, as here, the court has conducted an evidentiary hearing on the issue of visitation, its findings must be accorded great weight, and its visitation determination will not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Felty v Felty*, 108 AD3d 705, 707 [2013]).

Here, the Family Court's determination that enforcement of the visitation provisions of the parties' judgment of divorce and the order dated September 13, 2013, would be detrimental to the child's well-being and contrary to her best interests has a sound and substantial basis in the record and we decline to disturb it (*see Matter of VanBuren v Assenza*, 110 AD3d 1284,

1284-1285 [2013]; *Cervera v Bressler*, 109 AD3d at 781; *Matter of Mohabir v Singh*, 78 AD3d 1056, 1056-1057 [2010]; *Matter of Johnson v Williams*, 59 AD3d 445 [2009]; *Matter of Razo v Leyva*, 3 AD3d 571, 571-572 [2004]).

The father's remaining contentions are either unpreserved for appellate review or without merit. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.