Matter of McNichol v Reid (2019 NY Slip Op 07073)





Matter of McNichol v Reid


2019 NY Slip Op 07073


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-12175
 (Docket No. F-494-18)

[*1]In the Matter of Jeffrey McNichol, appellant,
v
Christine Reid, respondent.


Ellen O'Hara Woods, New City, NY, for appellant.
McCarthy Fingar LLP, White Plains, NY (Kathleen Donelli and Kristen Pennessi of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Keith J. Cornell, J.), dated August 6, 2018. The order, without a hearing, granted the mother's motion for summary judgment dismissing the father's petition to modify an order of child support dated October 18, 2016, and for termination of her child support obligation, upon the ground of parental alienation, and dismissed the father's petition.
ORDERED that the order dated August 6, 2018, is reversed, on the law, without costs or disbursements, the mother's motion for summary judgment dismissing the father's petition and for termination of her child support obligation is denied, the father's petition is reinstated, and the matter is remitted to the Family Court, Rockland County, for a hearing on the father's petition to modify the order of child support dated October 18, 2016.
The parents, who were never married, have a son born in 2003. Since 2011, the parties have had a contentious history in the Family Court, Rockland County, and since that time the child has, from time to time, lived with one or the other of the parties. By consent order dated October 18, 2016, the father was directed to pay to the mother the sum of $470 biweekly as child support. A temporary order of custody and access on consent, dated August 14, 2017 (hereinafter the 2017 consent order), continued legal and physical custody of the child with the mother, but provided that the child would temporarily reside with the father and that the mother would have parental access. The 2017 consent order further suspended the father's child support obligation and directed the parties to divide the child's school costs.
On or about February 22, 2018, the father filed a petition to modify the child support order dated October 18, 2016. The father asserted, as a change of circumstance, that the child was living with him. The mother moved for summary judgment dismissing the father's petition, and for termination of her child support obligation, on the ground of parental alienation, contending that the father had unjustifiably frustrated and interfered with her relationship with the child. By order dated August 6, 2018, the Family Court, without a hearing, granted the mother's motion, terminated her child support obligation, and dismissed the father's petition. The father appeals.
Generally, parents have a statutory duty to continually support their children until they reach 21 years of age (see Family Ct Act § 413[1][a]; Jones v Jones, 109 AD3d 877; Matter of [*2]Thompson v Thompson, 78 AD3d 845, 846; Foster v Daigle, 25 AD3d 1002). Child support payments may be suspended, however, "where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent" (Matter of Thompson v Thompson, 78 AD3d at 846 [internal quotation marks omitted]; see Ledgin v Ledgin, 36 AD3d 669; Usack v Usack, 17 AD3d 736; Doyle v Doyle, 198 AD2d 256). Such a suspension is "warranted only where the custodial parent's actions rise to the level of deliberate frustration or active interference with the noncustodial parent's [parental access] rights" (Matter of Thompson v Thompson, 78 AD3d at 846 [internal quotation marks omitted]; see Ledgin v Ledgin, 36 AD3d at 670; Weinreich v Weinreich, 184 AD2d 505).
Here, the mother failed to establish, prima facie, her entitlement to summary judgment dismissing the father's petition, and to termination of her child support obligation, on the ground of parental alienation. The Family Court, in making its determination that the father alienated the child from the mother, improperly relied on inadmissible information that had been provided at court conferences in earlier proceedings before a different judge. The court also improperly relied on hearsay statements and conclusions by an expert, whose credibility was not tested by either party, from an earlier forensic evaluation, and on statements and conclusions by two therapists, whose opinions and credibility were not tested by either party, made at a conference before a different judge (see generally S.L. v J.R., 27 NY3d 558, 564; Gentile v Gentile, 149 AD3d 916, 918; see also CPLR 3212[b]; Matter of La Bier v La Bier, 291 AD2d 730).
Accordingly, we disagree with the Family Court's determination to grant the mother's motion for summary judgment and for termination of her child support obligation, we reinstate the father's petition to modify the child support order dated October 18, 2016, and we remit the matter to the Family Court, Rockland County, for a hearing on that petition.
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court