Matter of Johnson v Kelly (2021 NY Slip Op 02158)





Matter of Johnson v Kelly


2021 NY Slip Op 02158


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-13279
 (Docket Nos. V-197-17/17A/17B, V-198-17/17A/17B)

[*1]In the Matter of Emanuel Johnson, petitioner- respondent, 
v
Zielka Itzel Kelly, respondent- respondent; Emanuel J. (Anonymous), et al., nonparty-appellants.


Rhea G. Friedman, New York, NY, attorney for the children, the nonparty-appellants.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the parties' son and daughter appeal from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated October 22, 2019. The order, insofar as appealed from, after a hearing, (1) granted that branch of the father's petition which was to enforce so much of a prior order of custody and visitation of the Supreme Court, Kings County (Patricia E. Henry, J.) dated October 16, 2014, as provided for the father's parental access with the parties' daughter, (2) directed the parties' son to refrain from certain conduct, and (3) warned of the imposition of sanctions, including imprisonment, for failure to comply.
ORDERED that the appeal from so much of the order dated October 22, 2019, as warned of the imposition of sanctions, including imprisonment, for failure to comply is dismissed, without costs or disbursements; and it is further,
ORDERED that the order dated October 22, 2019, is reversed insofar as reviewed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, that branch of the father's petition which was to enforce so much of the prior order of custody and visitation dated October 16, 2014, as provided for the father's parental access with the parties' daughter is denied, and the matter is remitted to the Family Court, Kings County, for the appointment of a forensic evaluator to conduct evaluations of the parties and the daughter forthwith, and, thereafter, the entry of a new order setting forth an appropriate parental access schedule for the father and the daughter.
The parties, who were never married, are the parents of two children, a son born in 2002, and a daughter born in 2009 (hereinafter together the children). In January 2017, the father filed, inter alia, a petition seeking to enforce the terms of an order of custody and visitation dated October 16, 2014, that had been entered on the parties' consent (hereinafter the 2014 order), which, among other things, awarded primary physical custody of the children to the mother, provided parenting time to the father, and directed that the parties share legal custody and decision making.
In an order dated October 22, 2019 (hereinafter the 2019 order), after a hearing, the Family Court, inter alia, granted that branch of the father's petition which was to enforce so much of the 2014 order as provided for the father's parental access with the parties' daughter. The court
directed the parties to comply with the parental access provisions of the 2014 order as to the daughter, who was then 10 years old, and directed the son, who was then 17 years old, to refrain from disparaging either parent in the presence of the daughter and from accompanying the daughter to parental access pick-ups and drop-offs with the father, unless the son intended to participate in parental access. The 2019 order contained a provision warning that failure to comply with the order may result in, among other things, fines or imprisonment. The children appeal from so much of the 2019 order as directed the parties to comply with the terms of the 2014 order as to parental access between the father and the daughter, directed the son to refrain from certain conduct, and warned of the imposition of sanctions for failure to comply.
The son is now over the age of 18 and is no longer subject to the custody and parental access provisions of the 2019 order (see Family Ct Act §§ 119[c]; Matter of Sullivan v Plotnick, 145 AD3d 1018, 1020). Accordingly, the provisions of the 2019 order relating to parental access are vacated insofar as such provisions pertain to him (see Matter of Simpson v Finnigan, 202 AD2d 592, 593). The appeal from so much of the 2019 order as warned the parties of the consequences of failure to comply must be dismissed as that portion of the order is not ripe for adjudication, in that it simply warns of consequences but does not impose any penalty (see generally Matter of Augliera v Araujo, 184 AD3d 824, 825).
"'[T]he Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child'" (Matter of Lew v Lew, 152 AD3d 520, 521, quoting Cervera v Bressler, 109 AD3d 780, 781 [internal quotation marks omitted]). "'Visitation is a joint right of the noncustodial parent and the child. The best interests of the child lie in his being nurtured and guided by both natural parents. In order for the noncustodial parent to develop a meaningful, nurturing relationship with her child, visitation must be frequent and regular. Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges'" (Pollack v Pollack, 56 AD3d 637, 638, quoting Twersky v Twersky, 103 AD2d 775, 775-776).
A Family Court's credibility findings and determinations regarding parental access will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Nixon v Ferrone, 153 AD3d 625, 627; Matter of Orellana v Orellana, 112 AD3d 720, 721). Nevertheless, in matters of custody and parental access, this Court's authority is as broad as that of the hearing court (see Matter of Orellana v Orellana, 112 AD3d at 722; see also Matter of Dupont v Gaston, 173 AD3d 738, 740).
Here, the Family Court's determination directing the parties to comply with the terms of the 2014 order with respect to unsupervised parental access between the father and the daughter lacked a sound and substantial basis in the record. The record reflects that the relationship between the father and the daughter is highly strained and that she has refused to participate in the visits. Although we do not disturb the court's determination that the mother and the now-adult son may have negatively influenced the daughter's views about the father (see generally Matter of Sullivan v Plotnick, 145 AD3d at 1020-1021; Cervera v Bressler, 90 AD3d 803, 805-806), the court should have considered the daughter's strong feelings against the father and her refusal to attend the visits in fashioning a parental access schedule between the daughter and the father that is in the daughter's best interests (see Matter of Sullivan v Plotnick, 145 AD3d at 1021). Under the circumstances of this case, a full forensic evaluation of the parties is warranted (see Matter of James v Jeffries, 90 AD3d 929, 930). Accordingly, we remit the matter to the Family Court, Kings County, to appoint a forensic evaluator to conduct evaluations of the parties and the daughter forthwith, and thereafter, to set forth an appropriate parental access schedule in the daughter's best interests.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court