Matter of Morgan v Morgan (2023 NY Slip Op 00424)

Matter of Morgan v Morgan

2023 NY Slip Op 00424

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-09165
 (Docket Nos. F-12983-08, V-4454-17, V-4455-17)

[*1]In the Matter of Ronald Morgan, respondent,
v
Mirtha Baerga Morgan, appellant.

Austin I. Idehen, Jamaica, NY, for appellant.
Jeffrey C. Bluth, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4 and Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Rupert V. Barry, J.), dated November 19, 2021. The order, after a hearing, granted the father's motion to suspend his child support obligation.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the divorced parents of two daughters, born in 2004 and 2006. Both children resided in the Dominican Republic with their maternal grandmother until 2009, at which time they came to live with the mother in New York. Subsequently, the mother was awarded sole custody of the children and the father was directed to pay child support to the mother. Since that time, the father filed multiple petitions for parental access with the children, some of which resulted in awards of therapeutic parental access. In July 2019, the father moved to suspend his child support obligation, alleging, inter alia, parental alienation on the part of the mother. After a hearing, in an order dated November 19, 2021, the Family Court granted the father's motion and suspended his child support obligation on the ground of parental alienation. The mother appeals.
"Generally, parents have a statutory duty to continually support their children until they reach 21 years of age" (Matter of McNichol v Reid, 176 AD3d 713, 714; see Family Ct Act §
413[1][a]; Jones v Jones, 109 AD3d 877; Matter of Thompson v Thompson, 78 AD3d 845, 846; Foster v Daigle, 25 AD3d 1002). "Child support payments may be suspended, however, 'where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent'" (Matter of McNichol v Reid, 176 AD3d at 714, quoting Matter of Thompson v Thompson, 78 AD3d at 846; see Ledgin v Ledgin, 36 AD3d 669; Usack v Usack, 17 AD3d 736; Doyle v Doyle, 198 AD2d 256). A suspension of child support payments is "warranted only where the custodial parent's actions rise to the level of deliberate frustration or active interference with the noncustodial parent's visitation rights" (Matter of Thompson v Thompson, 78 AD3d at 846 [internal quotation marks omitted]; see Ledgin v Ledgin, 36 AD3d at 670; Weinreich v Weinreich, 184 AD2d 505).
Contrary to the contentions of the mother and the attorney for the children, the evidence adduced at the hearing justified a suspension of the father's child support obligation (see Matter of Sullivan v Plotnick, 145 AD3d 1018; Matter of Coull v Rottman, 131 AD3d 964). The [*2]evidence demonstrated that the children held distorted and illogical views regarding the father and his efforts to develop a relationship with them. There was evidence that the older child, for example, viewed the father's efforts to develop a relationship with the children as threatening, had homicidal thoughts with regard to the father, and refused to believe that the father had traveled to the Dominican Republic to visit with her even when presented with photographs and the father's passport demonstrating that he had. There was also evidence that the mother failed to make efforts to assist the children in developing a relationship with the father, and instead encouraged the children's negative view of the father in an apparent effort to weaponize the children against him. The mother refused to produce the children for parental access on numerous occasions, particularly after sessions of supervised parental access that were seen as successful in moving the children towards reunification with the father, and she discussed the father's child support payments with one of the children. The mother had also refused to produce the children for an evaluation with the court-ordered forensic evaluator after having initially done so because, according to the mother, one of the children had been traumatized by an earlier session. The evaluator testified that nothing upsetting had happened during that earlier session, and that, based on the sessions that she was able to conduct as well as her review of certain supervised parental access reports, the mother engaged in an intentional "pattern of alienation" in which she would withhold the children from parental access with the father following appropriate and positive interactions between them, claiming that the children had been traumatized by the visit. Under these circumstances, the Family Court properly determined that the mother deliberately and unjustifiably frustrated the father's right to visit with the children, and suspended his child support obligation (see Matter of Sullivan v Plotnick, 145 AD3d 1018; Matter of Coull v Rottman, 131 AD3d 964; Matter of Thompson v Thompson, 78 AD3d 845).
The contention of the mother and the attorney for the children that the Family Court erred in considering the testimony of the forensic evaluator because it was based on hearsay is improperly raised for the first time on appeal (see Matter of B. Mc. [Dawn Mc.], 99 AD3d 713; Matter of Aaron W. v Shannon W., 96 AD3d 960).
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court