Matter of Handakas v Bardatsos (2023 NY Slip Op 02001)

Matter of Handakas v Bardatsos

2023 NY Slip Op 02001

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-07716
2021-07763
 (Docket Nos. V-855-20, V-856-20, V-5897-20, V-5898-20)

[*1]In the Matter of Vassilios K. Handakas, appellant,
v
Eleni Bardatsos, respondent. (Proceeding No. 1)
In the Matter of Eleni Bardatsos, respondent-appellant,
v Vassilios K. Handakas, appellant-respondent. (Proceeding No. 2)

Genevieve Lane Lopresti, Seaford, NY, for appellant in Proceeding No. 1 and appellant-respondent in Proceeding No. 2.
Adam H. Moser, Rockville Centre, NY, for respondent in Proceeding No. 1 and respondent-appellant in Proceeding No. 2.
Amy L. Colvin, Huntington, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, (1) the father appeals, and the mother cross-appeals, from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated September 21, 2021, and (2) the father appeals from an order of the same court, also dated September 21, 2021. The first order, insofar as appealed from, after a hearing, denied that branch of the father's petition which was to modify the custody provisions of the parties' judgment of divorce so as to award him sole legal custody of the parties' children. The first order, insofar as cross-appealed from, after a hearing, in effect, granted that branch of the father's petition which was to modify the custody provisions of the parties' judgment of divorce so as to award him sole residential custody of the parties' children. The second order, after a hearing, denied the father's petition to modify the custody provisions of the parties' judgment of divorce so as to award him sole legal and residential custody of the parties' children.
ORDERED that the first order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,
ORDERED that the second order is modified, on the law, by deleting the provision thereof denying that branch of the father's petition which was to modify the custody provisions of the parties' judgment of divorce so as to award him sole residential custody of the parties' children, and substituting therefor a provision granting that branch of the father's petition; as so modified, the second order is affirmed, without costs or disbursements.
The parties, who are the parents of two children, were divorced by a judgment dated November 25, 2014. The judgment of divorce incorporated, but did not merge, the parties' stipulation of settlement, pursuant to which the parties agreed to, inter alia, share joint legal custody of the children, with the mother having sole residential custody and the father having certain parental access.
In January 2020, the mother filed a petition seeking to modify the custody provisions of the parties' judgment of divorce so as to award her sole legal custody. Thereafter, the father filed a petition seeking to modify the custody provisions of the parties' judgment of divorce so as to award him sole legal and residential custody. After a hearing, and after in-camera interviews with the children, then ages 14 and 11, the Family Court issued two orders dated September 21, 2021. The first order, among other things, denied that branch of the father's petition which was to modify the custody provisions of the judgment of divorce so as to award him sole legal custody and, in effect, granted that branch of the father's petition which was to modify the custody provisions of the judgment of divorce so as to award him sole residential custody. The second order denied the father's petition in its entirety despite the fact that the first order, in effect, changed sole residential custody from the mother to the father. The father appeals from both orders, and the mother cross-appeals from the first order.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest[s] of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 166; see Matter of Lubrico v Lubrico, 213 AD3d 666; Pettei v Pettei, 207 AD3d 670). "The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances" (Matter of Cabano v Petrella, 169 AD3d 901, 902; see Eschbach v Eschbach, 56 NY2d 167, 171). Since the court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Gagos v Delsalto, 213 AD3d 761).
Here, contrary to the mother's contention, the Family Court's determination, in effect, granting that branch of the father's petition which was to modify the custody provisions of the judgment of divorce so as to award him sole residential custody of the children has a sound and substantial basis in the record based upon the mother's lack of insight into the needs of the children, the children's wishes, the testimony at the hearing that the children had threatened self-harm in response to being forced to reside with the mother, and the testimony of the court-appointed forensic expert (see Matter of Tedesco v Mazzara, 206 AD3d 917; Matter of Keuleman v Earp, 188 AD3d 1063).
Contrary to the father's contention, the Family Court properly denied that branch of the father's petition which was to modify the custody provisions of the judgment of divorce so as to award him sole legal custody of the children. The court's determination that an award of sole legal custody to the father would not be in the children's best interests is supported by a sound and substantial basis in the record (see Matter of Roa v Marte, 171 AD3d 759).
The parties' remaining contentions, and the remaining contentions of the attorney for the children, are without merit.
DILLON, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court