Matter of Franklin v Quinones (2024 NY Slip Op 01541)

Matter of Franklin v Quinones

2024 NY Slip Op 01541

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-05791
2022-09078
 (Docket No. V-4660-19)

[*1]In the Matter of Willy Franklin, appellant,
v
Catina Quinones, respondent.

David Laniado, Cedarhurst, NY, for appellant.
Emily M. Olshansky, Southhold, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Diane Constanzo, J.), dated July 8, 2022, and (2) an order of the same court dated August 29, 2022. The order dated July 8, 2022, insofar as appealed from, after a hearing, granted the father's petition to modify an order of custody and visitation dated November 23, 2015, only to the extent of directing the mother to provide the father with their child's report card and status reports from their child's providers every three months, and to consult with the father before making certain major decisions. The order dated August 29, 2022, insofar as appealed from, denied that branch of the father's cross-motion which was to suspend his child support obligation.
ORDERED that the order dated July 8, 2022, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated August 29, 2022, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the father's cross-motion which was to suspend his child support obligation is granted.
The parties are the parents of one child, born in 2012. By order of custody and visitation dated November 23, 2015 (hereinafter the custody order), upon the parties' consent, the mother was awarded sole legal and physical custody of the child, with certain parental access to the father. Thereafter, the parties filed various petitions. In February 2019, the father filed a petition to modify the custody order so as to award him "custody" (hereinafter the modification petition), alleging that the mother "coached the subject child to make false allegations" against him. The father also cross-moved, inter alia, to suspend his child support obligation. After a hearing, in an order dated July 8, 2022, the Family Court granted the modification petition only to the extent of directing the mother to provide the father with the child's report card and status reports from the child's providers every three months, and to consult with the father before making major decisions pertaining to the child's health care, mental health care, and education. By order dated August 29, [*2]2022, the court, among other things, denied that branch of the father's cross-motion which was to suspend his child support obligation. The father appeals from both orders.
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interest of the child" (Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). "'[T]he Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child'" (Matter of Johnson v Kelly, 193 AD3d 735, 737, quoting Matter of Lew v Lew, 152 AD3d 520, 521 [internal quotation marks omitted]). "'Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges'" (Matter of Johnson v Kelly, 193 AD3d at 737, quoting Pollack v Pollack, 56 AD3d 637, 638 [internal quotation marks omitted]). Where the court has conducted an evidentiary hearing on the issue of parental access, its findings must be accorded great weight, and its determination will not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167, 173; Matter of Lew v Lew, 152 AD3d at 521).
"'Generally, parents have a statutory duty to continually support their children until they reach 21 years of age'" (Matter of Morgan v Morgan, 213 AD3d 669, 670, quoting Matter of McNichol v Reid, 176 AD3d 713, 714; see Family Ct Act § 413[1][a]). "'Child support payments may be suspended, however, where the noncustodial parent establishes that his or her right of reasonable access to the child has been unjustifiably frustrated by the custodial parent'" (Matter of Morgan v Morgan, 213 AD3d at 670, quoting Matter of McNichol v Reid, 176 AD3d at 714 [internal quotation marks omitted]). "A suspension of child support payments is 'warranted only where the custodial parent's actions rise to the level of deliberate frustration or active interference with the noncustodial parent's visitation rights'" (Matter of Morgan v Morgan, 213 AD3d at 670, quoting Matter of Thompson v Thompson, 78 AD3d 845, 846).
Contrary to the father's contentions, the Family Court's determination that further parental access with the child would be detrimental to the child has a sound and substantial basis in the record and will not be disturbed (see Matter of Khan v Schwartz, 201 AD3d 718, 719; Matter of Granzow v Granzow, 168 AD3d 1049, 1050-1051; Matter of Coull v Rottman, 131 AD3d 964, 965). The court properly gave weight to the expert testimony (see Matter of Khan v Schwartz, 201 AD3d at 719), and to the child's wishes, to the extent that the court also relied on them (see Matter of Granzow v Granzow, 168 AD3d at 1051).
However, contrary to the contentions of the mother and the attorney for the child, the evidence adduced at the hearing justified a suspension of the father's child support obligation (see Matter of Morgan v Morgan, 213 AD3d at 670; Matter of Sullivan v Plotnick, 145 AD3d 1018, 1021; Matter of Thompson v Thompson, 78 AD3d 845, 847). In the order dated July 8, 2022, the Family Court determined that the mother did not establish that the father sexually abused the child and also determined that the mother alienated the child from the father. Moreover, there was evidence that the mother viewed the visits between the father and the child as harmful to the child, and that the mother never said anything encouraging to the child about the visits or the father-child relationship. Further, the evidence established that the mother "encouraged the estrangement of the father and [the child], and deliberately frustrated visitation" and "and made no effort to assist the [child] in restoring [the] relationship with the father" (Matter of Sullivan v Plotnick, 145 AD3d at 1021). Accordingly, under these circumstances, the court should have granted that branch of the father's cross-motion which was to suspend his child support obligation.
The father's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court