Matter of Shepherd v Mirukaj (2025 NY Slip Op 00871)

Matter of Shepherd v Mirukaj

2025 NY Slip Op 00871

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-05180
 (Docket Nos. V-22603-16, V-22604-16, V-9057-19, V-9058-19)

[*1]In the Matter of Melvin Shepherd, appellant, 
v
Aurora Mirukaj, respondent.

Tammi D. Pere, Jamaica, NY, for appellant.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn, NY, for respondent.
Jennifer Arditi, Maspeth, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Tamra Walker, J.), dated May 24, 2023. The order, after a hearing denied the father's petition to enforce the custody and parental access provisions of a stipulation of settlement dated August 25, 2017, and a supplement to the stipulation of settlement executed on December 9, 2017, and granted the mother's petition to modify the custody and parental access provisions of the stipulation of settlement so as to award her sole legal and physical custody of the children, with no parental access to the father.
ORDERED that the appeal from so much of the order as relates to the parties' son is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The parties are the divorced parents of a son born in 2006 and a daughter born in 2010. The judgment of divorce incorporated, but did not merge, a stipulation of settlement dated August 25, 2017 (hereinafter the stipulation), and a supplement to the stipulation of settlement executed on December 9, 2017 (hereinafter the supplement). The stipulation provided that the parties would share joint custody of the children, with the children to reside primarily with the father. The supplement set forth a schedule of equal parenting time.
By September 2018, the relationship between the father and the children had deteriorated to the point that the children refused to visit with the father. In November 2018, the father filed a petition to enforce the custody provisions of the stipulation and the parental access provisions of the supplement. In April 2019, the mother filed a petition to modify the custody provisions of the stipulation so as to award her sole legal and physical custody of the children, with no parental access to the father. In an order dated May 24, 2023, the Family Court, after a hearing, in effect, denied the father's petition and granted the mother's petition. The father appeals.
The Family Court has jurisdiction to direct custody and visitation of minors, who are defined under the Family Court Act as "person[s] who [have] not attained the age of eighteen years" (Family Court Act §§ 119[c]; 651). Since the parties' son is now more than 18 years of age, he is no longer subject to an order directing custody and parental access (see Matter of Mondschein v Mondschein, 195 AD3d 1025, 1026-1027; Matter of Sullivan v Plotnick, 145 AD3d 1018, 1020). Thus, the appeal from so much of the order as relates to the parties' son must be dismissed as academic.
As to the parties' daughter, in order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances such that modification is required to protect the best interests of the child (see Matter of Mazo v Volpert, 223 AD3d 907, 908; Matter of Handakas v Bardatsos, 215 AD3d 840, 842; Matter of Walker v Sterkowicz-Walker, 203 AD3d 1165, 1166). The paramount concern when making such a determination is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Lashlee v Lashlee, 161 AD3d 843, 843; see Matter of Mazo v Volpert, 223 AD3d at 909; Matter of Handakas v Bardatsos, 215 AD3d at 842).
Here, the mother demonstrated a sufficient change of circumstances since the parties entered into the stipulation, in that joint custody was no longer in the best interests of the parties' daughter in light of the parties' inability to effectively cooperate and communicate (see Matter of Fiore v Gima, 227 AD3d 1071, 1074; Matter of Martinez v Gaddy, 223 AD3d 816, 818; Matter of Fowler v Rivera, 296 AD2d 409, 410). Moreover, there was a sound and substantial basis in the record for the Family Court's determination to award sole legal and physical custody to the mother (see Matter of Llanos v Barrezueta, 232 AD3d 606, 609; Matter of Fiore v Gima, 227 AD3d at 1074). While one parent's alienation of a child from the other parent is an act inconsistent with the best interests of the child (see Matter of Burke v Squires, 202 AD3d 784, 785-786), here, the daughter's bond with the mother and alienation from the father is so strong, with other factors contributing to the deterioration of that relationship, that custody to the father would be harmful to the daughter (see DiNapoli v DiNapoli, 200 AD3d 1027, 1030-1031; Matter of Sullivan v Plotnick, 145 AD3d at 1020-1021). Moreover, giving due consideration to the wishes, age, and maturity of the daughter, it was a provident exercise of the court's discretion to decline to mandate parental access with the father where the daughter, who was 13 years old at the time of the court's determination, had a strained relationship with the father and was vehemently opposed to any form of visitation with him (see Matter of Mazo v Volpert, 223 AD3d at 909; Matter of Lupo v Rainsford, 162 AD3d 1032, 1033; Matter of Sullivan v Plotnick, 145 AD3d at 1021).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court