■ In the Matter of PAOLA MIREYA CANAHUATI BENDECK, Respondent, v OSCAR IVAN LARACH ZABLAH, Appellant. [963 NYS2d 81]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about November 10, 2011, denying respondent's objection to an order of the Support Magistrate, dated May 4, 2011, which denied respondent's motion seeking, inter alia, to vacate prior default orders awarding child support and counsel fees, unanimously affirmed, without costs.

The Family Court correctly upheld the Support Magistrate's denial of the father's motion to vacate his defaults. A party seeking to vacate a default judgment must demonstrate both a reasonable excuse and a meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Youni Gems Corp. v Bassco Creations Inc.*, 70 AD3d 454 [1st Dept 2010], *lv dismissed* 15 NY3d 863 [2010]). Respondent father's reasons for nonappearance were unpersuasive. His claim that he was unable to obtain a visa for entry into the United States was belied by travel documents establishing that he entered the United States three days prior to the hearing. Although he was not held in default for his failure to make that appearance, the Support Magistrate found that his reason for failing to appear one month later at the adjourned hearing was also not reasonable. While the father asserted that the mail system in Honduras was disrupted by a military coup, the affidavit from a postal administrator in the town in which he lived in Honduras did not support his claim.

Since the father failed to establish a reasonable excuse for his defaults, we need not reach the issue of whether he presented a potentially meritorious defense (*see Caba v Rai*, 63 AD3d 578, 582 [1st Dept 2009]). Concur—Tom, J.P., Andrias, Saxe, Abdus-Salaam and Gische, JJ.