■ In the Matter of KENNETH E. FISHERMAN, Respondent, v HANANE ZDEG, Appellant. [963 NYS2d 231]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 5, 2012, which denied respondent mother's objections to the order (Support Magistrate Paul Ryneski), entered on or about April 17, 2012, denying her motion to vacate an order of support, modified on default, in the amount of $2,521.16 monthly, retroactive to August 4, 2011, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a hearing to determine the amount of support owed by the mother for the period August 4, 2011 to July 24, 2012.

Family Court abused its discretion in denying the mother's

---

objection, because she demonstrated a reasonable excuse for her nonappearance at the March 1, 2012 hearing before the Support Magistrate (*see* CPLR 5015). Although the Family Court did not reach the issue of whether the mother established a potentially meritorious defense, upon our independent review of the record, we find that she did.

The mother was present in court March 1, 2012 for an afternoon hearing on custody and visitation before a different Family Court judge and understandably assumed that the support hearing would follow the related hearing as had been the usual practice on prior appearances. When, after appearing on the custody and visitation matter, she immediately went to the courtroom where the support matter was being heard, the mother learned that the support hearing had continued in her absence in the morning, and that the Support Magistrate had entered a default order modifying her support payments to the father from $25 weekly to $2,521.16 per month, notwithstanding that the mother's unemployment was undisputed, and that the father was only seeking $1,000 per month. The mother, who had never previously failed to appear for a hearing, and who had been current in her support payments to that point, then promptly moved to vacate her default. Under the circumstances of this case, the mother's de minimis default in appearing should have been excused and the matter resolved on its merits. Accordingly, we remand for a hearing to determine the appropriate amount, if any, owed by the mother. Concur—Andrias, J.P., Moskowitz, Freedman, Manzanet-Daniels and Feinman, JJ.