Matter of Natalya M. v Chanan M. (2019 NY Slip Op 02284)





Matter of Natalya M. v Chanan M.


2019 NY Slip Op 02284


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8799 8798

[*1]In re Natalya M., Petitioner-Respondent,
v
Chanan M., Respondent-Appellant.
Natalya M., Petitioner-Respondent,
v
Chanan M., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
The Mandel Law Firm, New York (Howard A. Gardner of counsel), for respondent.



Order, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about August 11, 2017, which confirmed the determination, same court (Karen Kolomechuk, Support Magistrate), entered on or about July 14, 2017, that respondent father willfully violated the child support order entered upon his default, on or about October 13, 2016, and sentenced him to one year of probation, unanimously affirmed, without costs. Order, same court (Jane Pearl, J.), entered on or about September 27, 2017, which denied respondent father's objections to an order, same court (Karen Kolomechuk, Support Magistrate), entered on or about July 14, 2017, which, after a hearing, denied his motion to vacate his default and his motion for a downward modification of child support, unanimously affirmed, without costs.
A party seeking to vacate a default order must demonstrate both a reasonable excuse and a meritorious defense (CPLR 5015(a)(1); Matter of Bendeck v Zablah, 105 AD3d 457 [1st Dept 2013]). Although this Court favors the determination of actions on their merits, in this case, the Family Court providently exercised its discretion in denying the father's motion to vacate his default (see Matter of Fisherman v Zdeg, 105 AD3d 566 [1st Dept 2013]) since he never apprised the Family Court or his counsel that he would be unable to appear at trial. Moreover, although the father claimed that a serious illness prevented him from attending the hearing, he did not miss a single visit with his daughter before or after the court date and even requested to see her on the day of trial. He also never sought to vacate the default order until the mother filed a violation petition and sought his incarceration.
The Family Court's finding that the father was in willful violation of the final order of child support was established by clear and convincing evidence. Section 454(3)(a) of the Family Court Act provides that failure to pay support as ordered constitutes "prima facie evidence of a willful violation." Once nonpayment is established, the burden shifts to the non-custodial parent to come forward with "competent, credible evidence" of his inability to pay the sums awarded (Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). While the father asserted that he was indigent, the Family Court found the account of his finances to be incredible (Matter of Porcelain v Porcelain, 143 AD2d 834, 835 [2d Dept 1988]), and this finding was supported by financial documentation.
The Family Court properly found that the father did not prove the existence of a [*2]substantial change in circumstances to warrant a downward modification of the child support order because of his capacity to generate income (O'Brien v McCann, 249 AD2d 92 [1st Dept 1998]). Although the father was earning minimum wage at the time of the hearing, he testified that he was an experienced trader with more than 20 years of experience and an even more experienced diamond dealer.
Most of the father's remaining claims have not been preserved for appellate review (see Robillard v Robbins, 78 NY2d 1105 [1991]), and we decline to review them in the interests of
justice. As an alternative holding, we find them to be without merit.
We have considered respondent father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK