Matter of Carmit D. v Gil D. (2019 NY Slip Op 08790)





Matter of Carmit D. v Gil D.


2019 NY Slip Op 08790


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9926

[*1]In re Carmit D., Petitioner-Appellant,
v
Gil D., Respondent-Respondent.


Carmit P. Thacher, appellant pro se.
Berke & Berke, New York (Jeffrey R. Berke of counsel), for respondent.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about November 21, 2017, which denied petitioner mother's objection to a Support Magistrate's order, entered on or about August 1, 2017, denying petitioner's motion to vacate orders, entered on her default, which granted respondent father's petitions to modify, enforce and suspend child support obligations, affirmed, without costs.
During the proceeding on March 25, 2015 before the Support Magistrate, the mother told the court, "I'm not going to be here. Whatever it's going to be the decision, it's going to be without me. I'm not coming for the April 8th or ever." The mother subsequently fled the jurisdiction and took the parties' child to Italy without disclosing their whereabouts, thus depriving the father of his visitation rights, to which the mother had agreed in a stipulation that was incorporated in the divorce judgment. The mother then defaulted in three proceedings before the Support Magistrate, which resulted in a court order suspending the father's child support obligations for the subject children as of July 7, 2015 as a consequence of her defaults.
The mother's argument that the court lacked subject matter jurisdiction over the father's petitions to modify and enforce his child support obligations pursuant to a judgment of divorce entered in 2009 in Nassau County is without merit (see Family Court Act § 466[c]). The judgment of divorce provides that Supreme Court, Nassau County, retains jurisdiction of the matter concurrently with Family Court, Nassau County. When post-judgment proceedings brought by the father in Nassau County were transferred to New York County, the mother appeared therein and expressly consented to all proceedings being heard in New York County, where she lived. Nevertheless, the mother then withdrew her own petitions pending in New York County and told the court that she would not appear at any further court proceedings, and she in fact defaulted in the ensuing proceedings. The Support Magistrate then granted the father's petitions for modification and enforcement based on the father's evidence of changed circumstances and the overpayments he had made with respect to the children's health and education.
The mother's argument that the court lacked subject matter jurisdiction over the father's petition to terminate his child support obligations and personal jurisdiction over her with respect to that petition is also without merit. After learning that the mother had left the country with the youngest child, the father commenced a separate proceeding to compel visitation and a proceeding to terminate or suspend his child support obligations based on the mother's interference with his visitation. Upon the father's showing that petitioner had moved abroad without providing an address, the court properly granted the father leave to serve the mother with the termination petition by alternate means, and the mother was served both by email and by mail at her last known address (see Family Court Act § 427[b], [c]). Upon the father's proof of service, and after confirming that a Family Court judge had issued a stayed warrant for the mother's arrest in the visitation proceeding, the Support Magistrate properly granted the father's petition to the extent of suspending the child support order. The mother contends that support [*2]magistrates may not decide visitation issues or suspend child support on the ground of interference with visitation (see Family Court Act § 439). However, under these circumstances, the Support Magistrate did not impermissibly decide any issues related to visitation.
The mother's motion to vacate the default orders made on or about May 19, 2017 was untimely, as it was made more than one year after the orders were issued, and failed to provide both a reasonable excuse for her defaults and a meritorious defense, or indeed either (CPLR 5015[a][1]; see Ashley v Ashley, 139 AD3d 650 [2d Dept 2016]; see also Matter of Bendeck v Zablah, 105 AD3d 457 [1st Dept 2013]).
All concur except Gesmer, J. who dissents in a memorandum as follows:




GESMER, J. (dissenting)


I agree with the majority that New York County Family Court had jurisdiction over the father's modification and enforcement petitions. I also agree that the mother's motion to vacate her default on those petitions on the basis of excusable default was untimely, as she filed it more than a year after the orders were issued (CPLR 5015[a][1]).
However, the mother's request to vacate the order suspending child support was made on the basis of lack of jurisdiction, and was thus not subject to the one year time limitation set forth in CPLR 5015(a)(4). Because the record before us does not contain a finding by a Family Court judge that the mother deliberately frustrated or actively interfered with the father's visitation rights (Rodman v Friedman, 112 AD3d 537 [1st Dept 2013]; Matter of Thompson v Thompson, 78 AD3d 845, 846 [2d Dept 2010]), the order suspending child support should have been vacated (Family Ct Act § 439[a]). Accordingly, I would vote to vacate the order
suspending child support and remand the father's June 16, 2015 petition to suspend and terminate his child support obligations for hearing by a Family Court judge.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK