Alliance for Progress, Inc. v Blondell Realty Corp. (2020 NY Slip Op 00688)





Alliance for Progress, Inc. v Blondell Realty Corp.


2020 NY Slip Op 00688


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10934N 21403/16E

[*1] Alliance For Progress, Inc., Plaintiff-Appellant,
v
Blondell Realty Corp., Defendant-Respondent.


Davidoff Hutcher & Citron LLP, New York (Brian C. Kochisarli of counsel), for appellant.
Law Offices of Reginald A. Jacobs, PLLC, Mount Vernon (Reginald A. Jacobs of counsel), for respondent.



Order, Supreme Court, Bronx County (George J. Silver, J.), entered February 14, 2019, which, inter alia, granted defendant's motion to vacate an order entered on default granting plaintiff's motion to strike the answer, unanimously affirmed, without costs.
Defendant demonstrated a reasonable excuse for its default and a meritorious defense to the action (see Matter of Bendeck v Zablah, 105 AD3d 457 [1st Dept 2013]). It contends that it did not receive adequate notice of the May 16, 2018 oral argument date, and this contention is supported by an affidavit by its IT expert, albeit submitted in reply. Even if plaintiff is correct that defendant's counsel simply failed to monitor the calendar for this case, we agree with the motion court that defendant established the reasonable excuse of law office failure for its default, especially given the absence of any evidence of wilful or contumacious conduct on its part (see Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463, 464 [1st Dept 2016]) and the absence of any prejudice to plaintiff from the vacatur of the default (see Mutual Mar. Off., Inc. v Joy Constr. Corp., 39 AD3d 417, 419 [1st Dept 2007]). Indeed, defendant moved to vacate only three days after plaintiff's motion to strike the answer was granted. Plaintiff contends before this Court, for the first time in reply, that it is prejudiced by defendant's discovery defaults. However, the note of issue has been vacated, and further discovery will ensue.
With respect to a defense, defendant's affidavit by an individual with knowledge of the facts was submitted, as plaintiff points out, only in reply (see Peacock v Kalikow, 239 AD2d 188, 190 [1st Dept 1997]). However, defendant's answer, which is verified by its principal, demonstrates a meritorious defense (see 60 E. 9th St. Owners Corp. v Zihenni, 111 AD3d 511, 513 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK