## Eldad Prime, LLC v Aryeh

2025 NY Slip Op 30142(U)

January 14, 2025

Supreme Court, New York County

Docket Number: Index No. 652687/2019

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LOUIS L. NOCK**                          PART                    **38M**

*Justice*

-----------------------------------------------------------------------------X

ELDAD PRIME, LLC,

                                                     Plaintiff,

                          - v -

NATHANIEL ARYEH and HEALTH WORKS LEASING BH, LLC,

                                                     Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652687/2019 |
| MOTION DATE | 05/26/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37

were read on this motion to          VACATE - DECISION/ORDER/JUDGMENT/AWARD.

LOUIS L. NOCK, J.S.C.

Upon the foregoing documents, defendant Nathaniel Aryeh's motion to vacate the court's order of April 18, 2023, which granted summary judgment in favor of plaintiff Eldad Prime, LLC ("plaintiff" or "landlord") (NYSCEF Doc. No. 17), is denied, for the reasons set forth in the affirmation in opposition of Mark F. Magnozzi, Esq. (NYSCEF Doc. No. 36), in which the court concurs, as summarized herein. Plaintiff's cross-motion to lift the stay of the court's prior order is granted.

On a motion to vacate a judgment or order for excusable default, the party seeking to vacate must establish a reasonable excuse for its default and a meritorious defense to the claim (CPLR 5015[a][1]; *e.g., Bendeck v Zablah*, 105 AD3d 457 [1st Dept 2013]). Defendant Aryeh offers, as a reasonable excuse, that his attorney's office mis-calendared the date on which Aryeh was to submit opposition papers to the motion (Rahman aff., NYSCEF Doc. No. 27, ¶ 4). Law office failure, sufficiently detailed, is a reasonable excuse for purposes of the statute (*Blanco v*

**652687/2019   ELDAD PRIME, LLC vs. ARYEH, NATHANIEL**                              **Page 1 of 4**
  **Motion No.  002**

1 of 4

[* 1]

*Quality Gas Corp.*, 214 AD3d 432, 433 [1st Dept 2023]).  The court notes that this is the second time that Aryeh failed to submit opposition to the motion for summary judgment, but does not find that, as plaintiff urges, Aryeh has engaged in a pattern of dilatory conduct that should preclude law office failure as an excuse (*e.g. Chelli v Kelly Group, P.C.*, 63 AD3d 632, 633 [1st Dept 2009]).

But although Aryeh has established a reasonable excuse for his default, he fails to establish a meritorious defense to the motion.  In the court's prior summary judgment decision, the court found that plaintiff had established prima facie entitlement to summary judgment against Aryeh for breaching his guarantee of the lease between plaintiff and defendant Health Works Leasing BH, LLC ("tenant") (decision and order, NYSCEF Doc. No. 17 at 1-2).  As a defense, Aryeh argues that plaintiff may have accepted tenant's surrender of the premises in exchange for retaining the security deposit and first month's rent.  He also argues that the lease was never validly commenced in the absence of a commencement letter sent to tenant.  Neither defense is successful.  As to the lack of commencement letter, Aryeh's affidavit on this point is based on information and belief (Aryeh aff., NYSCEF Doc. No. 28, ¶ 7), which is insufficient to create a triable issue of fact (*Life Sourcing Co., Ltd. V Shoez, Inc.*, 179 AD3d 439 [1st Dept 2020]).  Aryeh also admits that plaintiff gave tenant possession of the premises in May of 2016 and billed tenant for rent for June 2016 following the first month's rent paid by tenant when it executed the lease (Aryeh aff., NYSCEF Doc. No. 28, ¶¶ 9, 14, 16; *see also* tenant ledger, NYSCEF Doc. No. 14, Exhibit 4), thus fixing the date for the beginning of the lease.

As to whether plaintiff accepted an early surrender of the premises, Aryeh alleges that his son, tenant's principal, decided unilaterally to back out of the lease (Aryeh aff., NYSCEF Doc. No. 28, ¶ 15.  Neither the lease nor the guaranty allows defendants to unilaterally terminate the

**652687/2019   ELDAD PRIME, LLC vs. ARYEH, NATHANIEL**
**Motion No.  002**

**Page 2 of 4**

2 of 4

agreements. Both the lease and guaranty also provide that any modification to their terms must be in a writing signed by plaintiff. Specifically, the lease provides as follows with respect to the surrender of the premises:

> No act or thing done by Landlord or Landlord's agents during the Term shall be deemed an acceptance of a surrender of the Premises, and no agreement to accept such surrender shall be valid unless in writing signed by Landlord. No employee of Landlord or of Landlord's agents shall have any power to accept the keys of the Premises prior to the termination of this Lease. The delivery of keys to any employee of Landlord or of Landlord's agents shall not operate as a termination of this Lease or a surrender of the Premises.

(Lease, NYSCEF Doc. No. 14, Exhibit 1, ¶ 24 [B].) The lease also contains a standard merger clause (*id.*, ¶ 24 [E]). Likewise, Aryeh's guaranty provides that "[n]o waiver or modification of any provision of this Guaranty nor any termination of this Guaranty shall be effective unless in writing and signed by Landlord" (guaranty, NYSCEF Doc. No. 14, Exhibit 2, ¶ 18). No oral agreement to modify the terms of the agreements is enforceable (General Obligations Law § 15-301 [1]; *Subway Real Estate Corp. v Jahedi*, 220 AD3d 433, 434 [1st Dept 2023]). Aryeh fails to submit any writing signed by plaintiff that would satisfy these provisions. For these reasons, Aryeh fails to establish a meritorious defense to the motion for summary judgment and the motion to vacate must be denied.

Accordingly, it is hereby

ORDERED that defendant Aryeh's motion to vacate the court's prior decision granting summary judgment to plaintiff is denied; and it is further

ORDERED that the stay of the court's prior decision established by the court's interim order dated April 25, 2023 is vacated.

**652687/2019   ELDAD PRIME, LLC vs. ARYEH, NATHANIEL**
 **Motion No.  002**

**Page 3 of 4**

This constitutes the decision and order of the court.

ENTER:

*Louis L. Nock*

| 1/14/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**652687/2019   ELDAD PRIME, LLC vs. ARYEH, NATHANIEL**
**Motion No.  002**

**Page 4 of 4**

[* 4]