MIC Gen. Ins. Corp. v Eckart

2026 NY Slip Op 02785

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

MIC General Insurance Corporation, Plaintiff-Appellant,

v

Kathryn Eckart et al., Defendants-Respondents.

Decided and Entered: May 05, 2026

Index No. 651028/22|Appeal No. 6541-6542|Case No. 2024-05767 2025-02802|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'Neill Levy, JJ.

Hagelin Spencer LLC, Buffalo (Michael J. Mernin of counsel), for appellant.

Horn Appellate Group, P.C., Brooklyn (Ross S. Friscia of counsel), for Patricia Pacheco-Sanchez, respondent.

[*1]

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered August 6, 2024, which granted defendant Kathryn Eckart's motion pursuant to CPLR 5015(a)(1) to vacate the court's January 9, 2024 order granting plaintiff summary judgment and, upon vacatur, denied summary judgment to plaintiff, unanimously affirmed, with costs. Order, same court and Justice, entered April 11, 2025, which denied plaintiff's motion for leave to renew and reargue the motion to vacate, unanimously affirmed, with costs.

The court providently exercised its discretion in granting defendant Kathryn Eckart's motion to vacate (see CPLR 5015[a][1]; Toos v Leggiadro Intl., Inc., 114 AD3d 559, 561 [1st Dept 2014]). Kathryn Eckart made the requisite showing of a reasonable excuse for the default and a potentially meritorious defense to the action (see Alliance for Progress, Inc. v Blondell Realty Corp., 179 AD3d 629, 629 [1st Dept 2020]). Although the underlying order was based on the merits in addition to the movant's default, Kathryn Eckart moved both for reargument pursuant to CPLR 2221(d) and for vacatur pursuant to CPLR 5015(a)(1). The court, while electing to analyze the motion under the latter statute, also expressly stated that it "reconsider[ed] whether the terms 'residence premises' and 'household' are ambiguous," which it had the "inherent power" to do (Rostant v Twersky, 79 AD3d 456, 456 [1st Dept 2010] [internal quotation marks omitted]).

As to the merits, issues of fact exist concerning the meaning of various terms of the subject policy, including whether the property was Kathryn Eckart's "residence" as the term is used in the policy, and whether Kathryn and her husband George Eckart were part of the same "household." The terms of insurance policies are interpreted in a manner that "affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect"(Consolidated Edison Co. of N.Y. v. Allstate Ins. Co., 98 NY2d 208, 221-222 [2002] [internal quotation marks omitted]), and ambiguities in the policy must be construed against the insurer (see Westview Assoc. v Guaranty Natl. Ins. Co., 95 NY2d 334, 340 [2000]). Here, the policy contemplates coverage for the Tanners Neck Lane property, where the underlying incident took place, and lists only Kathryn Eckart as the Named Insured. While the policy extends coverage to Kathryn Eckart and her spouse (George Eckart) if they are a resident of the same "household," the policy does not define the term "household." The policy likewise does not sufficiently define "reside" or "residence" such that it can be determined, on this record, that Kathrn Eckart, who lived elsewhere but owned the property and visited periodically, was not a "resident" for purposes of coverage (see e.g. Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 709 [2012]).

[*2]

The court providently exercised its discretion in denying plaintiff's motion for leave to renew and reargue its motion for summary judgment (see Wade v Giacobbe, 176 AD3d 641, 641 [1st Dept 2019], lv dismissed 35 NY3d 937 [2020]). The affidavit of Kathryn Eckart submitted in the underlying personal injury action did not change the outcome insofar as that affidavit did not resolve the policy's noted ambiguities.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026