Matter of Audrey B. v Shamica C. (2024 NY Slip Op 01915)

Matter of Audrey B. v Shamica C.

2024 NY Slip Op 01915

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2022-09500
 (Docket No. V-27203-19)

[*1]In the Matter of Audrey B. (Anonymous), appellant, 
v
Shamica C. (Anonymous), et al., respondents; Children's Aid, et al., nonparty-respondents-respondents.

Michael E. Lipson, Jericho, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Marion C. Perry of counsel), for nonparty-respondent-respondent Children's Aid.
Larry S. Bachner, New York, NY, attorney for the child.

DECISION & ORDER
In an a proceeding pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Melody Glover, J.), dated November 4, 2022. The order, after a hearing, denied the petition for custody of the subject child.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner filed a petition for custody of the subject child, who is a half-sibling of three children in the petitioner's care. After a hearing, the Family Court denied the petition. The petitioner appeals.
"The court's paramount concern when making any custody determination is the best interests of the child[ ], as determined upon a consideration of the totality of the circumstances" (Matter of Kim v Becker, 223 AD3d 813, 814 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "[W]hile the law expresses a preference for keeping siblings together, the rule is not absolute and may be overcome where the best interests of each child lie in residing apart" (Matter of Ender M. Z.-P. [Olga Z.], 109 AD3d 834, 836). "Since the court's determination depends to a great extent upon its assessment of, among other things, the credibility of the witnesses, the court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (Matter of Handakas v Bardatsos, 215 AD3d 840, 842).
Here, the Family Court's determination to deny the petitioner's custody petition has a sound and substantial basis in the record. The record demonstrates that the benefit to the subject child of remaining with his foster parents, with whom he had been residing since February 2018 when he was approximately 18 months old, and who sought to adopt him, outweighed the benefit of residing with his half-siblings, with whom he had never shared a household (see Matter of Ender M. Z.-P. [Olga Z.], 109 AD3d at 836).
The petitioner's remaining contentions are either without merit or not properly before this Court in this proceeding on the petitioner's custody petition.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court